IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Regas, Frezados & Dallas LLP, an Illinois Limited Liability Partnership, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| Federal Deposit Insurance Corporation, a corporation organized and existing under the laws of the United States of America, as Receiver for Mutual Bank, and, United Central Bank, a Texas State Bank, | ) ) ) ) ) ) | Jury Demanded on all Counts |
| Defendants. | ) ) | |

## COMPLAINT

Regas, Frezados & Dallas LLP, an Illinois Limited Liability Partnership (herein "Plaintiff")

for its complaint against the Federal Deposit Insurance Corporation, a corporation organized and

existing under the laws of the United States of America (herein "FDIC") as Receiver for Mutual

Bank, and United Central Bank, a Texas State Bank (herein "UCB"), states as follows:

COUNT I
(Against FDIC on Claim for Fees and Costs and
Enforcement of Security Interest in Proceeds Held)

JURISDICTION AND VENUE

1. This is an action for declaratory judgment and other relief. This action is authorized

pursuant to 12 U.S.C. § 1821(d)(6)(A). Jurisdiction is conferred pursuant to 28 U.S.C. § 1331 and

28 U.S.C. § 1367.

2.     Plaintiff also invokes this Court's supplemental jurisdiction of the Illinois State law claims brought in this action pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b) and (e) as Defendant, UCB, resides in this district as defined in 28 U.S.C. §1391(c), and a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this judicial district.

PARTIES

4.     The Plaintiff, Regas, Frezados & Dallas LLP, is an Illinois Limited Liability Partnership with its principal place of business located at 111 West Washington Street, Suite 1525, Chicago, Illinois 60602.  Plaintiff is a law firm engaged in the practice of law.

5.     Defendant, FDIC, is a corporation organized and existing under the laws of the United States of America, which was created by the United States Congress in 1933.  In its corporate capacity, FDIC is to insure deposits in certain banks and thrift institutions and to monitor and address risks to the deposit insurance funds.  In its capacity as receiver, FDIC liquidates the assets of failed depository institutions. Defendant FDIC is sued in this lawsuit in its capacity as Receiver for Mutual Bank.  Mutual Bank was closed by the Illinois Department of Financial and Professional Regulation on July 31, 2009 and FDIC was named as receiver.

6.     Defendant, UCB, is a Texas State Bank with offices located at 6335 North Western Avenue, Chicago, Illinois 60659. UCB is the successor in interest to Mutual Bank.

NATURE OF ACTION

7.     Commencing in or about June of 2003 and ending in or about July of 2009, Plaintiff represented Mutual Bank, an Illinois State Bank, as its general counsel.

2

8.    During that time, Plaintiff handled nearly all of Mutual Bank's legal work, including foreclosure and other litigation, loan documentation, contract review and general matters.

9.    Mutual Bank was extremely satisfied with the work performed by Plaintiff and had repeatedly praised the firm for being available both day and night to handle its matters, and the speed and insight which it used to successfully resolve matters. See for example the card received by one of Plaintiff's Partners, William D. Dallas, in December of 2008, from the President of Mutual Bank, a true and correct copy of which is attached as "Exhibit A". The card reads in pertinent part as follows:

> "Bill My apologies for always taking u out of bed so many times this year. My apologies. U R one of the most professional person[s] I have met in my life and I am proud to be associated with u."

10.    It was normal practice for certain attorneys to work more than 18 hours a day on Mutual Bank matters including on weekends and during vacation. Mutual Bank was Plaintiff's largest client, representing approximately 50% of Plaintiff's gross revenues, and the firm had expanded significantly to handle the Bank's work, including taking larger office space and hiring new associates.

11.    In or about July of 2008, Mutual Bank began to experience pressure from bank regulators related to its banking practices. In August of 2008, Mutual Bank requested that Plaintiff consider discounting its invoices on hourly matters. Commencing September 1, 2008, Plaintiff routinely discounted it hourly charges to Mutual Bank by 12.5%.

12.    In or about February, 2009, the President of Mutual Bank was replaced with a new president and new officers were added at Mutual Bank.

13.     Mutual Bank had promptly paid invoices for legal fees to Plaintiff's firm for many years, but beginning in approximately February of 2009, Mutual Bank started to pay Plaintiff's invoices for legal fees and costs, even as discounted, slowly or not at all.

14.     Based upon repeated assurances of payment from these new officers and agents of Mutual Bank, Plaintiff continued to represent Mutual Bank in all of its legal matters.

15.     In approximately March of 2009, William Dallas had a telephone conference with David Laffee, then a Vice President of Mutual Bank. Mr. Laffee indicated that over $400,000 had been accrued on the books of Mutual Bank to pay Plaintiff's outstanding invoices for attorneys' fees and costs, and that checks in payment of these invoices were being sent. However, no such checks were ever received.

16.     On March 12, 2009, Sonia Veluchamy, an officer of Mutual Bank, called William D. Dallas. She stated that Mutual Bank had questions about some of the invoices, which she claimed were "exorbitant". She stated that some of the bills would be paid, but Mutual Bank needed more time to review the invoices. This was the first time that any officer or agent of Mutual Bank had indicated that some of the bills were being questioned.

17.     That night, on March 12, 2009, William D. Dallas had a telephone conference with Pethinaidu Veluchamy, the Chairman of the Board of Directors of Mutual Bank, and one of the owners of Mutual Bank. Mr. Dallas relayed his telephone conference with Sonia Veluchamy to Mr. Veluchamy. Mr. Veluchamy stated that he had directed the officers of Mutual Bank to pay all invoices on which it had no questions, and would look into the reason payment had not been sent.

18.     As a result of Mr. Veluchamy's inquiry into the non payment of the Plaintiff's invoices, a meeting took place between William D. Dallas and the new Mutual Bank President, Lou

4

Dunham, and Sonia Veluchamy on March 16, 2009 to review Mutual Bank's questions on the invoices submitted by Plaintiff. At that meeting, the Bank indicated that it only had a problem with 2 invoices, but requested a reduction in the total amount owed to Plaintiff since Mutual Bank was in a distressed condition.

19.    Plaintiff agreed to accept a further reduction, and communicated this offer to Mutual Bank, but no acceptance or payment was forthcoming.   See June 3, 2009 letter from William D. Dallas to Donna Simpson, Vice President/In-House Counsel for Mutual Bank attached hereto as "Exhibit B".

20.    In March of 2009, Plaintiff began to assert Illinois Statutory Attorneys' liens and Illinois Common Law retaining liens on causes of actions and proceeds upon which it was representing Mutual Bank.

21.    Plaintiff represented Mutual Bank in connection with the foreclosure and sale of a $13,200,000 Hotel property in Oak Brook, Illinois. The Hotel operator had incurred liens against the property in the approximate amount of $600,000. These liens were required to be paid at closing in order for Chicago Title Insurance Company to insure title to the purchaser in accordance with the contract.

22.    Plaintiff devised a legal strategy to allow the sale to be completed, which would net Mutual Bank in excess of $12,000,000, and also to obtain a waiver or release of these liens, resulting in further savings. A description of the legal strategy devised by Plaintiff is set forth in the August 14, 2009 letter from Plaintiff to the FDIC, a true and correct copy of the August 14, 2009 letter without enclosures is attached hereto as "Exhibit C".

23. At the closing of the Hotel Property on February 20, 2009, Chicago Title Insurance Company required the sum of $620,989.50 to be held in escrow in order to clear title to the Purchaser pending Plaintiff being able to obtain the necessary waivers and releases.

24. In connection with its work in obtaining the release of these funds, Plaintiff served on Chicago Title Insurance Company on March 19, 2009 a Notice of Attorney's Lien pursuant to Illinois Revised Statutes 770 ILCS 5/1. A true and correct copy of our Notice of Attorney's Lien is attached hereto as "Exhibit D" together with the Certificate of Service and copy of the receipt for Certified Mail.

25. On May 29, 2009, Plaintiff served another Notice of Attorneys' Lien pursuant to Illinois Revised Statutes 770 ILCS 5/1. A true and correct copy of Plaintiff's Notice of Attorneys' Lien is attached hereto as "Exhibit E" together with the Certificate of Service and copy of the receipt for Certified Mail.

26. Plaintiff successfully resolved the tax and other liens and obtained the release of funds totaling $575,578.83 from the Chicago Title Insurance Escrow (herein the "CTIC Funds"). Due to the fact that Plaintiff had served its notice of attorneys' lien, the checks representing the CTIC Funds were made payable to Mutual Bank and Regas, Frezados and Dallas LLP.

27. Plaintiff came into possession of further sums in connection with its representation of Mutual Bank, totaling $37,012.33. Together with the CTIC Funds, Plaintiff is now holding the sum of $612,591.16 (herein the "Lien Funds"). Per the agreement of Plaintiff and Mutual Bank, as evidenced by the emails between Lou Dunham, President of Mutual Bank and Plaintiff, the Lien Funds are currently being held by Plaintiff in its client funds account subject to further agreement of the parties or an order of Court. See the July 28, 2009 e-mail from William D. Dallas to Lou

6

Dunham, and the response of Lou Dunham dated July 30, 2009, a true and correct copy of the pertinent portions of these e-mails are attached hereto as "Exhibit F". This agreement was confirmed by the FDIC in an e-mail from its attorney, Tina B. Solis, dated December 18, 2009, a true and correct copy of which e-mail is attached hereto as "Exhibit G".

28.     Plaintiff also has served an attorneys' lien on another cause of action, which to its knowledge and belief, remains pending and undetermined.

29.     Through July 31, 2009, Mutual Bank is indebted to Plaintiff for attorney's fees incurred and costs expended in the amount of $832,259.62.

30.     On July 31, 2009, the Illinois Department of Financial and Professional Regulation closed Mutual Bank and named the FDIC as receiver.

31.     Plaintiff has a valid claim against the FDIC as the receiver of Mutual Bank for the amount of $832,259.62.

32.     Prior to the closing of Mutual Bank on July 31, 2009 and the FDIC being appointed receiver of Mutual Bank, Plaintiff perfected a valid Illinois Statutory Attorneys' Lien and a valid Illinois Retaining Lien under Illinois law on the Lien Funds.

33.     On or about August 3, 2009, FDIC sent to Plaintiff a letter indicating that Plaintiff was required to file a claim for its attorney's fees and costs outstanding with FDIC as receiver prior to November 4, 2009.

34.     The FDIC requested that Plaintiff turnover all files and documents related to Mutual Bank in its possession. Plaintiff has fully complied with this request and has cooperated with the FDIC and Mutual Bank's successor, UCB, in connection with all other requests for information.

35.     On November 2, 2009, Plaintiff timely filed its Proof of Claim with the FDIC enclosing the required documentation and further indicating that its Claim was secured as to the Lien Funds.  A true and correct copy of Plaintiff's Proof of Claim is attached hereto as "Exhibit H" without the voluminous attachments submitted in connection with Plaintiff's Claim.

36.     Pursuant to 12 U.S.C. §1821(d)(5)(A), FDIC was required to make a determination whether to allow or disallow Plaintiff's claim before May 1, 2010, which is the end of the180 day period beginning on the date Plaintiff filed its claim. Plaintiff has received no determination of its claim from FDIC as of the filing of this Complaint.

37.     Plaintiff has fully exhausted the statutory claims procedure before the FDIC as mandated by the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA).

38.     Pursuant to 12 U.S.C. §1821(d)(6)(A), Plaintiff has filed this Action, not for review of the FDIC's decision, or lack of such decision, but for relief on Plaintiff's claim.

39.     Plaintiff has a valid perfected security interest and lien in and to the Lien Funds which is prior and paramount to all other parties, including the FDIC, and is entitled to the release of the Lien Funds in partial satisfaction of its claim.

40.     While 12 U.S.C. §1825(b) provides that "When acting as a receiver, ...(2) No property of the [FDIC] shall be subject to levy ...nor shall any involuntary lien attach to the property of the [FDIC]", such prohibition does not affect liens which attach prior to the FDIC's being appointed as receiver. See, *RTC Commercial Assets Trust 1995-NP3-1 v. Phoenix Bond & Indemnity Co.,* 169 F. 3rd 448, 458 (7th Cir. 1999).

41.     As stated in *RTC Commercial Assets Trust 1995-NP3-1,* the receiver takes the assets as it finds them, complete with any encumbrances thereon.  169 F.3rd at 458.

8

42. On May 3, 2010, Plaintiff sent an e-mail to the FDIC setting forth the legal analysis supporting Plaintiff's Claim, a true and correct copy of which is attached hereto as "Exhibit I".

43. On May 26, 2010, Plaintiff sent another email to the FDIC setting forth its position relative to the perfection of its security interest in the Lien Funds under Illinois law, a true and correct copy of which is attached as "Exhibit J".

44. Plaintiff demands a jury trial in this matter.

WHEREFORE, Plaintiff respectfully requests this Court to order the following relief:

A. Enter an order that Plaintiff's secured claim is allowed in its entirety.

B. Order that Plaintiff is entitled to enforce its liens in the Lien Funds, and to retain the Lien Funds in partial satisfaction of its claim.

C. Order such further or other relief as the Court may deem just and equitable.

COUNT II

(Against UCB for Declaratory Judgment that UCB's interest in the Lien Funds is subordinate to Plaintiff's Liens)

45. Plaintiff incorporates paragraphs 1- 44 of Count I as paragraph 45 of Count II as if fully set forth herein.

46. On July 31, 2009, the same day Mutual Bank was closed, FDIC entered into a Purchase and Assumption Agreement- Whole Bank-All Deposits (herein the "Purchase and Assumption Agreement") with UCB pursuant to which FDIC sold the assets of Mutual Bank to UCB.

47. Pursuant to Section 3.1 of the Purchase and Assumption Agreement, and with the exception of certain assets which were expressly excluded in Sections 3.5 and 3.6 of the Purchase and Assumption Agreement, UCB purchased all of the assets of Mutual Bank.

9

48. Schedule 3.2 of the Purchase and Assumption Agreement expressly provides that loans are included as a purchased asset, and it could be claimed that the Lien Funds are ultimately proceeds of various loan transactions.

49. UCB has claimed that it purchased the Lien Funds from FDIC, and that the funds belong to UCB, not FDIC.

50. That irrespective of whether the Lien Funds belong to FDIC or UCB, they remain encumbered by Plaintiff's liens, and may be retained by Plaintiff in partial satisfaction of its claim.

WHEREFORE, Plaintiff respectfully requests this Court to order the following relief:

A. Enter an order that UCB's interest in the Lien Funds, if any, is subject, subordinate and inferior to Plaintiff's secured claim.

B. Order that Plaintiff is entitled to enforce its liens in the Lien Funds, and to retain the Lien Funds in partial satisfaction of its claim.

C. Order such further or other relief as the Court may deem just and equitable.

By: _____

One of the Attorneys for Plaintiff

James E. Dahl (0568724)
Dahl & Bonadies, LLC
30 North La Salle Street, Suite 1500
Chicago, IL 60602
(312) 641-3245

William D. Dallas (06186780)
Peter G. Frezados (00878030)
Regas, Frezados & Dallas LLP
111 West Washington Street, Suite 1525
Chicago, Illinois 60602
(312) 236-4400

BILL

My Apologies for always Taking u out of Bed
So many times this year. My apologies. U R one of the
most professional Person i have met in my life i am
Pund & so appreciated with u. Thx for UR Prayers.

*Season's Greetings and*

*Best Wishes for a Happy New Year.*



**M**UTUAL **B**ANK
Building Relationships That Last A Lifetime

EXHIBIT

A



# REGAS, FREZADOS & DALLAS LLP

ATTORNEYS AT LAW

SUITE 1525

111 WEST WASHINGTON STREET

CHICAGO, ILLINOIS 60602-2709

PETER G. FREZADOS *
PETER L. REGAS
WILLIAM O. DALLAS
STEVEN DALLAS
PHILIP P. DEMAERTELAERE
MARTIN S. HALL **
FRANK KLADIS
RICHARD S. SPRINGER
JOHN B. WOLF

PHONE: (312) 236-4400
FAX: (312) 236-1129

OF COUNSEL
JAMES A. REGAS
THOMAS B. SCHECK
SUZANNE REGAS

TAX COUNSEL
GUST W. DICKETT
JAMES E. DICKETT
WILLIAM A. ROMANOFF

*ALSO ADMITTED IN WYOMING
**ALSO ADMITTED IN OHIO

REFER TO FILE NO.

June 3, 2009

Donna Simpson
Vice President/In-House Counsel
Mutual Bank
1112 S. Washington St.
Naperville, IL 60540

*Via Facsimile (630) 357-0647*
*and Regular Mail*

Re:  Mutual Bank v. 928 American Lane, LLC and Mark Barati
     Case No. 07 CH 28343
     Judgment: $4,760,550.61

Dear Ms. Simpson:

This is in response to your May 29, 2009 letter to Peter Frezados regarding the above referenced matter.

Initially, you mention that there is an ongoing disagreement between Mutual Bank and our law firm regarding the fees owed. The Bank has only questioned two invoices; the Venturella loan workout and the Morgan Terrace workout. However, no specific objections have ever been presented by the Bank to the amount of those invoices. We are not aware of any disagreement, only a refusal by Mutual Bank to pay the attorneys' fees and costs owed. This refusal extends not only to our law firm but to other law firms and third party providers which the Bank has contracted with.

We met with Lou Dunham, the President of Mutual Bank on March 16, 2009 who indicated that he desired to pay a lump sum in full settlement of the attorneys' fees and costs owed, and requested that we consider reducing the fees that Mutual Bank owed because of the regulatory pressure being placed on Mutual Bank. Mr. Dunham indicated that he would promptly respond to such an offer. We thereafter communicated to Mr. Dunham that we would agree to reduce the fees and cost owed by approximately $60,000, in addition to the 12.5% discount we had previously given Mutual Bank on all hourly fee bills. Mr. Dunham has never responded despite the fact that Mr. Veluchamy indicated to me that he directed Mr. Dunham to

EXHIBIT

B

Donna Simpson
Vice President/In-House Counsel
June 3, 2009
Page 2

call us to resolve the matter. Mr. Veluchamy has also indicated on several occasions that payment would be made by the Bank, but no payment has been received.

Illinois law recognizes an attorneys' right to a retaining lien, which enables an attorney to retain papers, money, securities and property of the client until the charges owed by the client for services rendered are paid in full.

Your claim that Rule 1.16 of the Illinois Rules of Professional Conduct requires an attorney to return papers to a client despite a valid retaining lien was considered and rejected in the case of *Lucky-Goldstar International, (America), Inc. v. International Manufacturing Sales Co., Inc.*, 636 F. Supp. 1059 (N.D. Ill. 1986). In that case the Court held that assertion of an attorneys' lien is ethically justified when the client is financially able but deliberately refuses to pay a fee that was clearly agreed upon and is due. 636 F. Supp at 1064.

We likewise believe that your claim of prejudice is without merit. The law allows the Bank to post adequate security for the payment of the outstanding fees and costs, and to then obtain the papers held in our office. We would agree to release the requested papers if the Bank will agree to post funds with an independent escrow agent in the amount of the outstanding invoices pursuant to a reasonable written escrow agreement.

We sincerely wish that we were not forced to assert our retaining lien, however, the repeated unfulfilled promises of payment require that we take the appropriate lawful action to protect our legal interests

If you should wish to discuss this matter further, please do not hesitate to contact the undersigned.

Sincerely,

REGAS, FREZADOS & DALLAS LLP

By: _____
William D. Dallas

RF&D/WDD/el
cc:  Pethinaidu Veluchamy
     Peter G. Frezados, Esq.

# HP LaserJet *3330*



HP LASERJET 3330

Jun-3-2009   10:18AM

---

## Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 213 | 6/ 3/2009 | 10:17:21AM | Send | 16303570647 | 1:10 | 2 | OK |

---

REGAS, FREZADOS & DALLAS LLP

ATTORNEYS AT LAW

SUITE 1525

111 WEST WASHINGTON STREET

CHICAGO, ILLINOIS 60602-2709

PETER G. FREZADOS*
PETER L. REGAS
WILLIAM D. DALLAS
STEVEN DALLAS
PHILIP C. DEMARTELAERE
MARTHE S. MALL**
FRANK VLAHIB
RICHARD E. SPRINGER
JOHN B. WOLF

PHONE: (312) 236-4400
FAX: (312) 236-1129

OF COUNSEL
JAMES A. REGAS
*THOMAS B. SCHECK
SUZANNE REGAS

TAX COUNSEL
RUBY W. DICKETT
JAMES E. DICKETT
WILLIAM A. ROMANOFF

*ALSO ADMITTED IN INDIANA
**ALSO ADMITTED IN OHIO

REFER TO FILE NO.

June 3, 2009

Donna Simpson                                                    *Via Facsimile (630) 357-0647*
Vice President/In-House Counsel                                  *and Regular Mail*
Mutual Bank
1112 S. Washington St.
Naperville, IL 60540

Re:   Mutual Bank v. 928 American Lane, LLC and Mark Barati
      Case No. 07 CH 28343
      Judgment: $4,760,550.61

Dear Ms. Simpson:

This is in response to your May 29, 2009 letter to Peter Frezados regarding the above referenced matter.

Initially, you mention that there is an ongoing disagreement between Mutual Bank and our law firm regarding the fees owed. The Bank has only questioned two invoices; the Venturella loan workout and the Morgan Terrace workout. However, no specific objections have ever been presented by the Bank to the amount of those invoices. We are not aware of any disagreement, only a refusal by Mutual Bank to pay the attorneys' fees and costs owed. This refusal extends not only to our law firm but to other law firms and third party providers which the Bank has contracted with.

We met with Lou Dunham, the President of Mutual Bank on March 16, 2009 who indicated that he desired to pay a lump sum in full settlement of the attorneys' fees and costs owed, and requested that we consider reducing the fees that Mutual Bank owed because of the regulatory pressure being placed on Mutual Bank. Mr. Dunham indicated that he would promptly respond to such an offer. We thereafter communicated to Mr. Dunham that we would agree to reduce the fees and cost owed by approximately $60,000, in addition to the 12.5% discount we had previously given Mutual Bank on all hourly fee bills. Mr. Dunham has never responded despite the fact that Mr. Veluchamy indicated to me that he directed Mr. Dunham to

# REGAS, FREZADOS & DALLAS LLP

### ATTORNEYS AT LAW

SUITE 1525

111 WEST WASHINGTON STREET

CHICAGO, ILLINOIS 60602-2709

PETER G. FREZADOS *
PETER L. REGAS
WILLIAM D. DALLAS
STEVEN DALLAS
PHILIP P. OEMAERTELAERE
MARTIN S. HALL **
FRANK KLADIS
RICHARD S. SPRINGER
JOHN B. WOLF

*ALSO ADMITTED IN WYOMING
**ALSO ADMITTED IN OHIO

PHONE: (312) 236-4400
FAX: (312) 236-1129

OF COUNSEL
JAMES A. REGAS
THOMAS B. SCHECK
SUZANNE REGAS

TAX COUNSEL
GUST W. DICKETT
JAMES E. DICKETT
WILLIAM A. ROMANOFF

REFER TO FILE NO.
29-6932

August 14, 2009

Stephen J. Pruss, Esq.
Lead Litigation Attorney
FDIC Federal Deposit Insurance Corporation
1601 Bryan Street
Dallas, TX 75201

*Via Federal Express*

Re:  Mutual Bank/Secured Claim of Regas, Frezados and Dallas LLP
for Attorneys Fees and Costs Against Mutual Bank

Dear Mr. Pruss:

This will confirm and supplement our telephone conversation on August 6, 2009 in connection with the above referenced matter.

## The Firm's Claim

Regas, Frezados & Dallas LLP (the "Firm") represented Mutual Bank ("Bank") in numerous matters for many years prior to the FDIC's takeover of the Bank. As a result of the representations, the Bank is currently indebted to the Firm in the amount of $832,259.62 for fees and costs incurred through July 31, 2009. A copy of the Firm's accounts receivable ledger for the Bank is enclosed detailing the amount owed by matter.

## The Firm's Security Interest In Funds Held By The Firm

The Firm is holding $610,870.94 in its trust account upon which the Firm has perfected a valid attorney's lien under Illinois State law. A listing of the checks which represented these proceeds is enclosed. Most of these proceeds were received in connection with the sale of a hotel in Oakbrook Terrace, Illinois, which was owned by Tejany Hospitality LLC and which was operated by Kalaman Hospitality; both companies had borrowed from the Bank.



**EXHIBIT**

C

Stephen J. Pruss
Lead Litigation Attorney
FDIC Federal Deposit Insurance Corporation
August 14, 2009
Page 2

The Hotel Sale Transaction

The details of this transaction are as follows: the Bank made a loan to Tejany Hospitality, L.L.C. and Kalaman Hospitality, Inc. dated November 16, 2004 in the amount of $10,400.000.00 (increased to $12,000.000.00 by a Replacement Note dated November 16, 2006) (herein "Loan"). Tejany Hospitality was the owner of the real estate comprising a hotel at 17 W. 350 22nd Place, Oakbrook Terrace, Illinois. Kalaman Hospitality was the operator of the hotel and owned the personal property.

The Loan was secured by a First Mortgage on the hotel's real property and a Security Agreement between Tejany Hospitality and Kalaman Hospitality an Illinois November 16, 2004. A Uniform Commercial Code Financing Statement (herein "UCC-1") from Kalaman Hospitality to the Bank was filed with the Illinois Secretary of State on March 4, 2005 as Filing No 9594094.

On October 28, 2008, Tejany Hospitality as owner of the real property, and Kalaman Hospitality, as owner of the personal property, entered into a contract to sell the Hotel to Mansoor Ali Lakhani or his nominee. Mr. Lakhani later assigned his rights as purchaser to J & S Hospitality, Inc. Tejany Hospitality and Kalaman Hospitality were represented by Mike Cotteleer 207 North Washington Street, Wheaton, Illinois 60187. J & S Hospitality was represented by Robert Mc Carty 1821 Walden Office Square, Suite 400, Schaumburg, Illinois 60173. The Bank was entitled to receive the proceeds of the sale after any claims which had priority over the Bank's mortgage and security interest.

In connection with the sale, Mr. Mc Carty had submitted a request for a Bulk Sale Stop Order from the Illinois Department of Revenue. On January 14, 2009, the Illinois Department of Revenue sent a Bulk Sale Stop Order B-94309 to the purchaser, J & S Hospitality listing both Kalaman Hospitality and Tejany Hospitality on the same Stop Order. The order listed the amount of $415,274, however, all this amount was attributable to Kalaman Hospitality, the operator of the Hotel.

Also in connection with the sale, a request was made to the Illinois Department of Employment Security for the certification of amounts owed by Kalaman Hospitality. On January 6, 2009, the Illinois Department of Employment Security sent a letter to Kalaman Hospitality, a copy of which is enclosed. The letter listed the amount of $42,969.41 as being owed for the 1st and 2nd quarters of 2008.

There were also numerous mechanic's liens and a Federal Revenue Lien against the real estate which required that an additional $156,782.50 be withheld from the closing in escrow.

Stephen J. Pruss
Lead Litigation Attorney
FDIC Federal Deposit Insurance Corporation
August 14, 2009
Page 3

Rather than have the Bank be deprived of proceeds from the sale of the hotel and personal property in the amount of approximately $465,000 to the Illinois Department of Revenue and Department of Employment Security, and approximately $100,000 in other liens, the Firm devised a strategy to avoid those losses. That encompassed having the Bank quickly enforce its rights under the security agreement as against the personal property owned by Kalaman Hospitality and then in the event the Bank was the successful bidder at the Uniform Commercial Code Foreclosure Sale, having the Bank sell the personal property to J & S Hospitality.

Therefore, as a result of the default in the Promissory Note, the Firm conducted on behalf of the Bank a Uniform Commercial Code Sale against Kalaman Hospitality on February 11, 2009. The Bank was the successful bidder and became the owner of all of the personal property of Kalaman Hospitality.

When J & S Hospitality became aware of the UCC sale, it requested that the Bank sell the personal property to it in connection with the sale of the real estate from Tejany Hospitality. On February 18, 2009, the Bank and J & S Hospitality entered into an Agreement for the Sale of Personal Property, relating to the personal property formerly owned by Kalaman Hospitality.

On February 20, 2009, the closing occurred. The real estate was sold by Tejany Hospitality to J & S Hospitality, and the personal property was sold by the Bank to J & S Hospitality. The parties requested that all sums requested for the tax and mechanic's liens be deposited in an escrow at Chicago Title & Trust until the Firm was successful in obtaining clearance of all the liens.

In connection with the Firm's work in obtaining a release of all of the funds, it served on Chicago Title Insurance Company on March 19, 2009 our Notice of Attorney's Lien pursuant to Illinois Statute 770 ILCS 5/1. A true and correct copy of the Notice of Attorney's Lien is enclosed along with the Certificate of Service and copy of the receipt for Certified Mail. The delivery of this notice perfected the Firm's lien on all funds held in the escrow.

After extensive correspondence, litigation, negotiations and documentation, the Firm was able to obtain the release of $556,057.17 from the escrow at the title company. The liens of the Illinois Department of Revenue and United States Treasury Department were nullified in their entirety. The lien of the Illinois Department of Employment Security was reduced by 75%. Additionally the mechanic's lien claims were negotiated for substantial reductions. Chicago Title issued checks for this amount which were made payable to "Mutual Bank and Regas, Frezados & Dallas LLP." Pursuant to an agreement with the Bank, the Firm negotiated the checks and is holding the proceeds in its trust account.

Stephen J. Pruss
Lead Litigation Attorney
FDIC Federal Deposit Insurance Corporation
August 14, 2009
Page 4

The Firm's Retaining Lien

In addition to the statutory attorney's lien, under Illinois law, there is a common law retaining or possessory lien which attaches to all property belonging to the client received and held by the attorney. *The Upgrade Corporation v. Michigan Carton Co*, 87 Ill App. 3d 662, 664 (1st Dist. 1980). The Firm has claimed a charging lien on all funds currently in its possession for the amounts owed by the Bank.

The Firm's Lien On The Brown B Cow Fire Claim Proceeds

The Firm has also served a notice of statutory attorney's liens relating to the Brown B Cow fire insurance claim for the work it performed on that file and which remains unpaid. A copy of that notice is enclosed. We have confirmed with the insurer that no proceeds will be paid to the Bank without the Firm's interest in such proceeds.

Settlement Negotiations To Date

The Firm had commenced settlement discussions with the Bank concerning the liens, proceeds and amounts owed. The Bank's last offer was $350,000 in full settlement of all claims; this offer was made on June 30, 2009. In response to that offer, the Firm demanded the amount of $388,000 to settle its claims plus the payment of various third party vendor bills totaling approximately $10,000.

The Firm was informed by Mr. Lou Dunham on July 15, 2009 that the FDIC was evaluating the Firm's last demand and that Mr. Dunham was not sure how long the FDIC would take to respond. Enclosed are some of the communications which passed between the Bank and the Firm. The Firm has not yet received a response to this last demand from the FDIC.

We appreciate your consideration of this matter. If you should need any additional information, please do not hesitate to contact the undersigned.

Sincerely,

REGAS, FREZADOS & DALLAS LLP

By:_____
William D. Dallas

RF&D/WDD/el

# REGAS, FREZADOS & DALLAS LLP

ATTORNEYS AT LAW

SUITE 1525

111 WEST WASHINGTON STREET

CHICAGO, ILLINOIS 60602-2709

PHONE: (312) 236-4400

FAX: (312) 236-1129

PETER G. FREZADOS*
PETER L. REGAS
WILLIAM O. DALLAS
STEVEN DALLAS
PHILIP P. DEMAERTELAERE
MARTIN S. HALL**
FRANK KLADIS
RICHARD S. SPRINGER
JOHN B. WOLF

*ALSO ADMITTED IN WYOMING
**ALSO ADMITTED IN OHIO

REFER TO FILE NO.

OF COUNSEL
JAMES A. REGAS
THOMAS B. SCHECK
SUZANNE REGAS

TAX COUNSEL
GUST W. DICKETT
JAMES E. DICKETT
WILLIAM A. ROMANOFF

March 19, 2009

28-6785

Patrick H. Kennedy
Chicago Title Insurance Company
171 N. Clark Street, ML 02LC
Chicago, Illinois 60601

*Via Personal Delivery
and Certified Mail -
Return Receipt Requested*

Re:   Escrow Trust No. 1401 029007763 2 LND

Dear Patrick:

This is Notice of an Attorneys' Lien pursuant to 770 ILCS 5/1. Mutual Bank has retained us as its attorney and placed in our hands for suit or collection, a claim, demand or cause of action against Chicago Title Insurance Company as escrow agent of the above-referenced escrow.

You are hereby further notified that Mutual Bank has agreed to pay Regas, Frezados & Dallas LLP as compensation for the services rendered or to be rendered in connection with this claim a sum of money on an hourly basis and that a lien is claimed upon such claim, demand or cause in action, and the escrowed funds, for our attorney's fees.

If you should have any questions, please do not hesitate to contact the undersigned.

Sincerely,

REGAS, FREZADOS & DALLAS LLP

By:_____

William D. Dallas

RF&D/WDD/el

**EXHIBIT**

D

## CERTIFICATE OF SERVICE

To:     Patrice Connolly
        Chicago Title Insurance Company
        171 N. Clark Street, ML 02LC
        Chicago, Illinois 60601

The undersigned certifies that I served the Notice of an Attorneys' Lien pursuant to 770 ILCS 5/1 upon the person stated above at the address indicated by Personal Delivery before 5:00 p.m. on March 19, 2009.

[✓]     Under penalties provided by law
        pursuant to 735 ILCS 5/1-109, I
        certify that the statements set
        forth herein are true and correct.

        _____
        Signature

## CERTIFICATE OF SERVICE

To:    Patrick H. Kennedy
        Chicago Title Insurance Company
        171 N. Clark Street, ML 02LC
        Chicago, Illinois 60601

The undersigned certifies that I served the Notice of an Attorneys' Lien pursuant to 770 ILCS 5/1 upon the person stated above at the address indicated by Certified Mail - Return Receipt Requested by depositing the same in the U.S. mail at 111 W. Washington, Chicago, Illinois, proper postage prepaid before 5:00 p.m. on March 19, 2009.

[✓]    Under penalties provided by law
       pursuant to 735 ILCS 5/1-109, I
       certify that the statements set
       forth herein are true and correct.

                                      Signature



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Patrick H. Kennedy
Chicago Title Insurance Company
171 N. Clark Street, ML 02LC
Chicago, Illinois 60601

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Paul C. Maxwell_   ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
_Charles Maxwell_   3/23/09

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☒ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)
7008 0500 0000 4552 1924

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

7008 0500 0000 4552 1924

Postage  $
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)

Postmark
Here

Total Postage & Fees

Sent To
Patrick H. Kennedy
Chicago Title Insurance Company
171 N. Clark Street, ML 02LC
Chicago, Illinois 60601

# REGAS, FREZADOS & DALLAS LLP

### ATTORNEYS AT LAW
SUITE 1525

111 WEST WASHINGTON STREET

CHICAGO, ILLINOIS 60602-2709

———

PHONE: (312) 236-4400

FAX: (312) 236-1129

PETER G. FREZADOS *
PETER L. REGAS
WILLIAM D. DALLAS
STEVEN DALLAS
PHILIP P. DEMAERTELAERE
MARTIN S. HALL **
FRANK KLADIS
RICHARD S. SPRINGER
JOHN B. WOLF

OF COUNSEL
JAMES A. REGAS
THOMAS B. SCHECK
SUZANNE REGAS

TAX COUNSEL
GUST W. DICKETT
JAMES E. DICKETT
WILLIAM A. ROMANOFF

*ALSO ADMITTED IN WYOMING
**ALSO ADMITTED IN OHIO

REFER TO FILE NO.

28-6785

May 29, 2009

Patrice Connolly
Chicago Title Insurance Company
171 N. Clark Street, 2nd Floor
Chicago, Illinois 60601

*Via Personal Delivery
and Certified Mail -
Return Receipt Requested*

Re:  Escrow Trust No. 1401 029007763 003 LND

Dear Patrice:

This is Notice of an Attorneys' Lien pursuant to 770 ILCS 5/1. Mutual Bank has retained us as its attorney and placed in our hands for suit or collection, a claim, demand or cause of action against Chicago Title Insurance Company as escrow agent of the above-referenced escrow.

You are hereby further notified that Mutual Bank has agreed to pay Regas, Frezados & Dallas LLP as compensation for the services rendered or to be rendered in connection with this claim a sum of money on an hourly basis and that a lien is claimed upon such claim, demand or cause in action, and the escrowed funds, for our attorney's fees.

If you should have any questions, please do not hesitate to contact the undersigned.

Sincerely,

REGAS, FREZADOS & DALLAS LLP

By: _____
     William D. Dallas

RF&D/WDD/el


EXHIBIT

E

## CERTIFICATE OF SERVICE

To:     Patrice Connolly
        Chicago Title Insurance Company
        171 N. Clark Street, 2nd Floor
        Chicago, Illinois 60601

    The undersigned certifies that I served the Notice of an Attorneys' Lien pursuant to 770 ILCS 5/1 upon the person stated above at the address indicated by Personal Delivery before 5:00 p.m. on May 29, 2009.

[✓]    Under penalties provided by law
pursuant to 735 ILCS 5/1-109, I
certify that the statements set
forth herein are true and correct.

_____
Signature

## CERTIFICATE OF SERVICE

To:     Patrice Connolly
        Chicago Title Insurance Company
        171 N. Clark Street, 2nd Floor
        Chicago, Illinois 60601

The undersigned certifies that I served the Notice of an Attorneys' Lien pursuant to 770 ILCS 5/1 upon the person stated above at the address indicated by Certified Mail - Return Receipt Requested by depositing the same in the U.S. mail at 111 W. Washington, Chicago, Illinois, proper postage prepaid before 5:00 p.m. on May 29, 2009.

[✔]     Under penalties provided by law
        pursuant to 735 ILCS 5/1-109, I
        certify that the statements set
        forth herein are true and correct.        _____
                                                  Signature

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Patrice Connolly
Chicago Title Insurance Company
171 N. Clark Street, 2nd Floor
Chicago, Illinois 60601

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
x C. Reeee J.C
☐ Agent
☐ Addressee

B. Received by ( Printed Name)
C. Niceet
C. Date of Delivery
6/1/09

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service la
7008 3230 0000 4677 8612

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted (Endorsem | |
| Total Pos | |

Postmark Here

Sent To
Patrice Connolly
Chicago Title Insurance Company
171 N. Clark Street, 2nd Floor
Chicago, Illinois 60601

Street, Apt. or PO Box

City, State, ZIP+4

PS Form 3800, August 2006        See Reverse for Instructions

7008 3230 0000 4677 8612

:

## William Dallas

**From:** Lou Dunham [LDunham@mutualbanking.com]
**Sent:** Thursday, July 30, 2009 2:26 PM
**To:** William Dallas
**Cc:** veluchamy@yahoo.com
**Subject:** RE: Settlement on Attorneys's Fees

Bill,

This email confirms that the bank authorizes the law firm to deposit the checks into its client funds account under the agreement that the law firm will not withdraw or use those funds from the client funds account without Mutual Bank's prior written approval or court order.

Regards,

Lou

## Louis J. Dunham
*President & CEO*
955 W. 175th Street
Homewood, Illinois 60430
Tel: 708.794.2233
Fax: 708.794.2220
ldunham@mutualbanking.com
www.mutualbanking.com

-----Original Message-----
**From:** William Dallas [mailto:wdd@rfd-law.com]
**Sent:** Tuesday, July 28, 2009 12:38 PM
**To:** Lou Dunham
**Cc:** veluchamy@yahoo.com
**Subject:** RE: Settlement on Attorneys's Fees

Lou-To avoid the checks we are holding from becoming stale dated, we would propose depositing the checks into our client funds account. We will not withdraw these funds from our client funds account without Mutual Bank's approval or court order. Please indicate whether Mutual Bank would be agreeable to this deposit and retention of the funds. Additionally, could you please call me on my cell phone at 312-218-6130 to discuss the timing of a potential response from FDIC? Thanks, Bill

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••
**William D. Dallas**
**Regas, Frezados & Dallas LLP**
**111 West Washington Street**
**Suite 1525**
**Chicago, IL 60602**
**wdd@rfd-law.com**
**Tel 312-236-4400**
**Fax 312-236-1129**
••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

This communication is confidential and is intended to be privileged pursuant to the attorney-client privilege and the work-product doctrine. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply email and delete the message.

FEDERAL TAX NOTICE:



EXHIBIT

F

## William Dallas

**From:**   Solis, Tina B. [tbsolis@uhlaw.com]
**Sent:**   Friday, December 18, 2009 4:41 PM
**To:**   William Dallas
**Cc:**   Hecht, F. Thomas; jdahl@dahlfirm.com
**Subject:** RE: Usmani Bankruptcy Inquiry

Bill:

I have confirmed with the FDIC that these funds should be deposited into your client trust account for safekeeping until such time as a court order is entered or an agreement by the parties is made as to who is entitled to these funds.

Sincerely,

Tina Solis

---

**From:** William Dallas [mailto:wdd@rfd-law.com]
**Sent:** Friday, December 18, 2009 10:15 AM
**To:** Solis, Tina B.
**Cc:** Hecht, F. Thomas; jdahl@dahlfirm.com
**Subject:** RE: Usmani Bankruptcy Inquiry

Tina-Just to clarify. Our firm is claiming a lien on these proceeds. We have agreed in the past to hold funds we obtained on Mutual Bank's behalf in our client trust account pending an appropriate court order or the agreement of the parties, and will agree to do so with these proceeds. We just want to deposit them before the checks will no longer be honored. Accordingly, we do not intend to release the funds to the FDIC at this time. Given that, does the FDIC still want me to deposit these funds into our client funds account for safekeeping consistent with this email? Bill

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**William D. Dallas**
**Regas, Frezados & Dallas LLP**
**111 West Washington Street**
**Suite 1525**
**Chicago, IL 60602**
wdd@rfd-law.com
Tel 312-236-4400
Fax 312-236-1129
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This communication is confidential and is intended to be privileged pursuant to the attorney-client privilege and the work-product doctrine. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply email and delete the message.

FEDERAL TAX NOTICE:

Treasury Regulations require us to inform you that any federal tax advice contained herein (including in any attachments and enclosures) is not intended or written to be used, and cannot be used by any person or entity, for the purpose of avoiding penalties that may be imposed by the Internal Revenue Service. In addition, we do not impose upon any pers[...] addressed any limitation on the

**EXHIBIT**

G

5/4/2010

disclosure of the tax treatment or tax structure of any transaction discussed herein (including in any attachments and enclosures).

---

**From:** Solis, Tina B. [mailto:tbsolis@uhlaw.com]
**Sent:** Thursday, December 17, 2009 2:44 PM
**To:** William Dallas
**Cc:** Hecht, F. Thomas
**Subject:** Usmani Bankruptcy Inquiry

Bill:

I am writing to follow-up on your inquiry regarding the two checks you received from the Chapter 13 Trustee in the Usmani Bankruptcy. We have spoken with the FDIC and the checks should be deposited into the firm's trust account. Your firm should then seek further instructions from the acquirer and Mary Riche in the FDIC Legal Division. Mary can be reached at (972) 761-8122 and at mriche@fdic.gov.

Sincerely,
Tina Solis

Information contained in this email transmission is privileged and confidential. If you are not the intended recipient, do not read, distribute or reproduce this transmission (including any attachments). If you have received this email in error, please notify the sender by email reply.

To ensure compliance with requirements imposed by the IRS, we inform you that, unless otherwise expressly indicated, any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Information contained in this email transmission is privileged and confidential. If you are not the intended recipient, do not read, distribute or reproduce this transmission (including any attachments). If you have received this email in error, please notify the sender by email reply.

To ensure compliance with requirements imposed by the IRS, we inform you that, unless otherwise expressly indicated, any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

5/4/2010

## Federal Deposit Insurance Corporation as Receiver for:
### 10094 – Mutual Bank Harvey, IL
(Name of Bank/Financial Institution and Location)

# PROOF OF CLAIM

SSN/Tax ID # (1) __20-0032459__

The undersigned, (2) __William D. Dallas, on behalf of Regas, Frezados & Dallas LLP__
(Name of person making the claim)

says that the **Mutual Bank** _____ now in liquidation is
(Name of Bank/Financial Institution)

justly indebted to (3) **REGAS, FREZADOS & DALLAS LLP** _____ in the sum of
(Individual/Joint/Corporation/Partnership/Firm/Agency)

(4) __Eight Hundred Thirty Two Thousand Two Hundred/__ Fifty-Nine and 62/100 Dollars upon the following Claim:

| | Description of (invoice) claim: | Liability Number | Amount of Claim |
|---|---|---|---|
| C L A I M S | (5) For legal services and costs rendered to Mutual Bank. See attached listing of invoices and amounts. Claim is secured by Attorneys' Lien on funds, documents and other property. | 500000977-000 | $832,259.62 |
| | | Total Claim:(6) | $832,259.62 |

The undersigned further states that he/she makes this claim on behalf of

(7) **REGAS, FREZADOS & DALLAS LLP** _____ ,

that no part of said debt has been paid, that

(8) **REGAS, FREZADOS & DALLAS LLP** _____
(Individual/Joint/Corporation/Partnership/Firm/Agency)

has given no endorsement or assignment of the same or any part thereof, and that there is no set-off or

counterclaim, or other legal or equitable defense to said claim or any part thereof.

NAME (9) _____   __Partner__
(Signature of Person making the Claim)   (Title)

FIRM   __Regas, Frezados & Dallas LLP__
(If applicable)

ADDRESS (10)   __111 W. Washington Street, Suite 1525__

CITY/STATE/ZIP __Chicago, IL 60602__

TELEPHONE NUMBER   __(312) 236-4400__

The penalty for knowingly making or inviting reliance of any false, forged, or counterfeit statement, document, or thing for the purpose of influencing in any way the action of the Federal Deposit Insurance Corporation is a fine of not more than $1,000,000 or imprisonment for not more than thirty years, or both (18 U.S.C. Section 1007).



**EXHIBIT**

**H**

RLS7212

3

Aug 14/2009

Regas, Frezados & Dallas LLP
Receivables by Client
To Aug 14/2009

| Client No & Name Bus #: | Home #: | | | Intro | | |---------- Outstanding ----------| | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Matter No. Inv # AR Date | Last Receipt Date | Amount | Col. Lwr | Billed | <= 30 | <= 60 | <= 90 | > 90 | Total | Trust Bal |

**1403    Mutual Bank**
**630-357-1100**

General Matters

| 286278 | | | 5 | 8747.76 | | | | 8747.76 | 8747.76 | 0.00 |
| 13126 Jan 12/2009 | | | 5 | 5869.45 | | | | 5869.45 | 5869.45 | |
| 13403 Feb 11/2009 | | | 5 | 4076.19 | | | | 4076.19 | 4076.19 | |
| 13637 Mar 15/2009 | | | 5 | 783.50 | | | | 783.50 | 783.50 | |
| 13789 Apr 14/2009 | | | 5 | 51.00 | | | 51.00 | | 51.00 | |
| 13991 May 18/2009 | | | | | 0.00 | 0.00 | 51.00 | 19476.90 | 19527.90 | |

Loan File

| 981216 | | | 4 | 275.00 | | | | 275.00 | 275.00 | 0.00 |
| 13018 Dec 10/2008 | | | | | 0.00 | 0.00 | 0.00 | 275.00 | 275.00 | |

Employment Agreements

| 991204 | | | 1 | 168.44 | | | | 168.44 | 168.44 | 0.00 |
| 13262 Jan 12/2009 | | | | | 0.00 | 0.00 | 0.00 | 168.44 | 168.44 | |

Manzoor Hussian Loan

| 222359 | | | 5 | 61.50 | | | | 61.50 | 61.50 | 0.00 |
| 13169 Jan 12/2009 | | | | | 0.00 | 0.00 | 0.00 | 61.50 | 61.50 | |

Acculab Diagnostics Collection

| 233099 | | | 5 | 379.31 | | | | 379.31 | 379.31 | 0.00 |
| 13696 Mar 15/2009 | | | 5 | 892.50 | | | | 892.50 | 892.50 | |
| 13791 Apr 14/2009 | | | 5 | 25.50 | | | 25.50 | | 25.50 | |
| 13998 May 18/2009 | | | 5 | 459.00 | 459.00 | | | | 459.00 | |
| 14431 Aug 13/2009 | | | | | 459.00 | 0.00 | 25.50 | 1271.81 | 1756.31 | |

Bhardwaj Restructuring

| 233134 | Jun 30/2004 | 284.00 | 5 | 320.00 | | | | 36.00 | 36.00 | 0.00 |
| 1507 Apr 8/2004 | | | 5 | -36.00 | | | | -36.00 | -36.00 | |
| 1843 Jun 7/2004 | | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |

National Petroleum, Inc. Bankruptcy

| 243430 | | | 5 | 133.88 | | | | 133.88 | 133.88 | 0.00 |
| 13171 Jan 12/2009 | | | | | 0.00 | 0.00 | 0.00 | 133.88 | 133.88 | |

Kapocius/First Midwest Bank Foreclosure

| 243435 | | | 1 | 38.06 | | | | 38.06 | 38.06 | 0.00 |
| 13521 Feb 11/2009 | | | | | 0.00 | 0.00 | 0.00 | 38.06 | 38.06 | |

Bhardwaj Wadsworth Foreclosure

| 243432 | | | 5 | 1246.88 | | | | 1246.88 | 1246.88 | 0.00 |
| 13170 Jan 12/2009 | | | 5 | 426.24 | | | | 426.24 | 426.24 | |
| 13448 Feb 11/2009 | | | 5 | 2465.00 | | | | 2465.00 | 2465.00 | |
| 13697 Mar 15/2009 | | | 5 | 4781.50 | | | | 4781.50 | 4781.50 | |
| 13792 Apr 14/2009 | | | 5 | 4191.00 | | | 4191.00 | | 4191.00 | |
| 14013 May 18/2009 | | | | | 0.00 | 0.00 | 4191.00 | 8919.62 | 13110.62 | |

Bhardwaj Iowa and Western Illinois Forecl

| 243556 | | | 5 | 111.17 | | | | 111.17 | 111.17 | 0.00 |
| 13168 Jan 12/2009 | | | | | 0.00 | 0.00 | 0.00 | 111.17 | 111.17 | |

Defense of McCoy Declaratory Judgment Act

| 243558 | | | 5 | 2310.38 | | | | 2310.38 | 2310.38 | 0.00 |
| 13167 Jan 12/2009 | | | 5 | 22.31 | | | | 22.31 | 22.31 | |
| 13443 Feb 11/2009 | | | 5 | 1326.00 | | | | 1326.00 | 1326.00 | |
| 13793 Apr 14/2009 | | | 5 | 714.00 | | | 714.00 | | 714.00 | |
| 14017 May 18/2009 | | | 5 | 1051.50 | | | 1051.50 | | 1051.50 | |
| 14164 Jun 10/2009 | | | 5 | 118.00 | 118.00 | | | | 118.00 | |
| 14311 Jul 16/2009 | | | | | 118.00 | 0.00 | 1765.50 | 3658.69 | 5542.19 | |

Collection of Iowa Deficiency Judgment ag

| 254201 | | | 5 | 728.44 | | | | 728.44 | 728.44 | 0.00 |
| 13158 Jan 12/2009 | | | 5 | 736.31 | | | | 736.31 | 736.31 | |
| 13439 Feb 11/2009 | | | 5 | 223.13 | | | | 223.13 | 223.13 | |
| 13695 Mar 15/2009 | | | 5 | 127.50 | | | | 127.50 | 127.50 | |
| 13794 Apr 14/2009 | | | 5 | 637.50 | | | 637.50 | | 637.50 | |
| 14012 May 18/2009 | | | 5 | 383.50 | | | 383.50 | | 383.50 | |
| 14162 Jun 10/2009 | | | 5 | 354.00 | 354.00 | | | | 354.00 | |
| 14434 Aug 13/2009 | | | | | 354.00 | 0.00 | 1021.00 | 1815.38 | 3190.38 | |

Ijarah Islamic Financing

| 254208 | Oct 4/2005 | 9513.09 | 28 | 9594.34 | | | | 81.25 | 81.25 | 0.00 |
| 4332 Aug 19/2005 | | | 28 | -81.25 | | | | -81.25 | -81.25 | |
| 4505 Sep 23/2005 | | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |

Rizak IRS Levy

| 286869 | | | 5 | 154.88 | | | | 154.88 | 154.88 | 0.00 |
| 13150 Jan 12/2009 | | | 5 | 1066.34 | | | | 1066.34 | 1066.34 | |
| 13420 Feb 11/2009 | | | | | 0.00 | 0.00 | 0.00 | 1221.22 | 1221.22 | |

Revival of Deficiency Judgment and Collec

| 254273 | | | 5 | 4576.69 | | | | 4576.69 | 4576.69 | 0.00 |
| 13149 Jan 12/2009 | | | 5 | 1115.63 | | | | 1115.63 | 1115.63 | |
| 13414 Feb 11/2009 | | | 5 | 290.06 | | | | 290.06 | 290.06 | |
| 13694 Mar 15/2009 | | | 5 | 51.00 | | | | 51.00 | 51.00 | |
| 13795 Apr 14/2009 | | | | | 0.00 | 0.00 | 0.00 | 6033.38 | 6033.38 | |

City of Chicago v. Samuel Alexander

| 254275 | | | 5 | 22.31 | | | | 22.31 | 22.31 | 0.00 |
| 13148 Jan 12/2009 | | | 5 | 223.13 | | | | 223.13 | 223.13 | |
| 13693 Mar 15/2009 | | | 5 | 739.50 | | | 739.50 | | 739.50 | |
| 14005 May 18/2009 | | | | | 0.00 | 0.00 | 739.50 | 245.44 | 984.94 | |

Mutual Properties, Inc. Corporate File (F

| 254385 | | | 28 | 5.00 | 5.00 | | | | 5.00 | 0.00 |
| 14349 Jul 16/2009 | | | | | 5.00 | 0.00 | 0.00 | 0.00 | 5.00 | |

Mutual Morgan Terrace LLC - General LLC F

| 254386 | | | 28 | 100.00 | 100.00 | | | | 100.00 | 0.00 |
| 14350 Jul 16/2009 | | | | | 100.00 | 0.00 | 0.00 | 0.00 | 100.00 | |

Loan to Khan, Shahida re 6645 N. McCormic

| 254397 | | | 28 | 2250.00 | | | | 2250.00 | 2250.00 | 0.00 |
| 4404 Aug 22/2005 | | | | | | | | | | |

Receivables by Client
To Aug 14/2009

Client No & Name         Home #:       Intro     |-------------------- Outstanding --------------------|
Bus #:

| Matter No. Inv # AR Date | Last Receipt Date | Amount | Col. Lwr | Billed | <= 30 | <= 60 | <= 90 | > 90 | Total | Trust Bal |
|---|---|---|---|---|---|---|---|---|---|---|
| **254566** Pradel Notary Claim | | | | | | | | | | |
| 13127 Jan 12/2009 | | | 5 | 237.13 | | | | 237.13 | 237.13 | 0.00 |
| 13992 May 18/2009 | | | 5 | 306.00 | | | 306.00 | | 306.00 | |
| **Matter Total** | | | | | 0.00 | 0.00 | 306.00 | 237.13 | 543.13 | |
| **254591** Re Khan, Shahida Loan for Purchase of 120 | | | | | | | | | | |
| 8373 Apr 16/2007 | | | 28 | 1800.00 | | | | 1800.00 | 1800.00 | 0.00 |
| **Matter Total** | | | | | 0.00 | 0.00 | 0.00 | 1800.00 | 1800.00 | |
| **254598** Jason Felicione Loan Increase (2120 Old W | | | | | | | | | | |
| 5180 Dec 20/2005 | | | 4 | 1263.50 | | | | 1263.50 | 1263.50 | 0.00 |
| **Matter Total** | | | | | 0.00 | 0.00 | 0.00 | 1263.50 | 1263.50 | |
| **254608** Bhardwaj Account Action | | | | | | | | | | |
| 13692 Mar 15/2009 | | | 5 | 361.38 | | | | 361.38 | 361.38 | 0.00 |
| **Matter Total** | | | | | 0.00 | 0.00 | 0.00 | 361.38 | 361.38 | |
| **264674** Sindhu & Carlin Second Loan Increase and : | | | | | | | | | | |
| 5188 Jan 10/2006 | | | 4 | 500.00 | | | | 500.00 | 500.00 | 0.00 |
| **Matter Total** | | | | | 0.00 | 0.00 | 0.00 | 500.00 | 500.00 | |
| **264711** Parasun Motel Loan Mdfn | | | | | | | | | | |
| 6341 Jul 6/2006 | | | 28 | 1587.50 | | | | 1587.50 | 1587.50 | 0.00 |
| **Matter Total** | | | | | 0.00 | 0.00 | 0.00 | 1587.50 | 1587.50 | |
| **264793** Shockley Building Violations | | | | | | | | | | |
| 14067 May 19/2009 | | | 33 | 102.00 | | | 102.00 | | 102.00 | |
| 14209 Jun 10/2009 | | | 33 | 765.00 | | | 765.00 | | 765.00 | |
| **Matter Total** | | | | | 0.00 | 0.00 | 867.00 | 0.00 | 867.00 | |
| **264853** General LLC file, Mutual 2958 W. Roosevel | | | | | | | | | | |
| 14351 Jul 16/2009 | | | 28 | 100.00 | 100.00 | | | | 100.00 | |
| **Matter Total** | | | | | 100.00 | 0.00 | 0.00 | 0.00 | 100.00 | |
| **264863** Assoc. Contractors Group | | | | | | | | | | |
| 13348 Feb 9/2009 | | | 28 | 38.00 | | | | 38.00 | 38.00 | |
| **Matter Total** | | | | | 0.00 | 0.00 | 0.00 | 38.00 | 38.00 | |
| **264901** Matteson Glyns Limited Partnership Loan E | | | | | | | | | | |
| 6116 May 16/2006 | | | 4 | 250.00 | | | | 250.00 | 250.00 | 0.00 |
| **Matter Total** | | | | | 0.00 | 0.00 | 0.00 | 250.00 | 250.00 | |
| **264935** 5140 LLC 2nd Loan Extension | | | | | | | | | | |
| 6143 May 30/2006 | | | 4 | 500.00 | | | | 500.00 | 500.00 | 0.00 |
| **Matter Total** | | | | | 0.00 | 0.00 | 0.00 | 500.00 | 500.00 | |
| **265012** 6901 North Lincoln, L.L.C. | | | | | | | | | | |
| 6702 Aug 16/2006 | | | 4 | 2500.00 | | | | 2500.00 | 2500.00 | 0.00 |
| **Matter Total** | | | | | 0.00 | 0.00 | 0.00 | 2500.00 | 2500.00 | |
| **265178** Mutual Bank Tax Biz Claim | | | | | | | | | | |
| 14310 Jul 16/2009 | | | 5 | 88.50 | 88.50 | | | | 88.50 | 0.00 |
| **Matter Total** | | | | | 88.50 | 0.00 | 0.00 | 0.00 | 88.50 | |
| **265193** Balvinder Singh Loan Increase (1317 Wagne | | | | | | | | | | |
| 6937 Sep 26/2006 Oct 2/2006 | | 500.00 | 4 | 750.00 | | | | 250.00 | 250.00 | 0.00 |
| **Matter Total** | | | | | 0.00 | 0.00 | 0.00 | 250.00 | 250.00 | |
| **265321** Tax Biz, Inc. Foreclosure | | | | | | | | | | |
| 13118 Jan 12/2009 | | | 5 | 562.19 | | | | 562.19 | 562.19 | 0.00 |
| 13450 Feb 11/2009 | | | 5 | 3798.68 | | | | 3798.68 | 3798.68 | |
| 13691 Mar 15/2009 | | | 5 | 1150.19 | | | | 1150.19 | 1150.19 | |
| 13796 Apr 14/2009 | | | 5 | 3018.00 | | | | 3018.00 | 3018.00 | |
| **Matter Total** | | | | | 0.00 | 0.00 | 0.00 | 8529.06 | 8529.06 | |
| **265370** 2600 Sacramento Condemnation | | | | | | | | | | |
| 13119 Jan 12/2009 | | | 5 | 174.56 | | | | 174.56 | 174.56 | 0.00 |
| 13690 Mar 15/2009 | | | 5 | 219.41 | | | | 219.41 | 219.41 | |
| 13797 Apr 14/2009 | | | 5 | 931.25 | | | | 931.25 | 931.25 | |
| **Matter Total** | | | | | 0.00 | 0.00 | 0.00 | 1325.22 | 1325.22 | |
| **275394** American Hotel Foreclosure | | | | | | | | | | |
| 14305 Jul 16/2009 | | | 5 | 51.00 | 51.00 | | | | 51.00 | 0.00 |
| **Matter Total** | | | | | 51.00 | 0.00 | 0.00 | 0.00 | 51.00 | |
| **275469** Brown B Cow Insurance Issue | | | | | | | | | | |
| 13120 Jan 12/2009 | | | 5 | 6705.93 | | | | 6705.93 | 6705.93 | 0.00 |
| 13418 Feb 11/2009 | | | 5 | 2490.91 | | | | 2490.91 | 2490.91 | |
| 13689 Mar 15/2009 | | | 5 | 1574.56 | | | | 1574.56 | 1574.56 | |
| 13798 Apr 14/2009 | | | 5 | 1812.25 | | | | 1812.25 | 1812.25 | |
| 14006 May 18/2009 | | | 5 | 1195.00 | | | 1195.00 | | 1195.00 | |
| 14304 Jul 16/2009 | | | 5 | 432.25 | 432.25 | | | | 432.25 | |
| **Matter Total** | | | | | 432.25 | 0.00 | 1195.00 | 12583.65 | 14210.90 | |
| **275561** Sale of Gas Station, 15100 S. Dixie Highw | | | | | | | | | | |
| 13551 Feb 11/2009 | | | 24 | 295.00 | | | | 295.00 | 295.00 | 0.00 |
| **Matter Total** | | | | | 0.00 | 0.00 | 0.00 | 295.00 | 295.00 | |
| **275595** Shethi Bankruptcy | | | | | | | | | | |
| 13121 Jan 12/2009 | | | 5 | 157.50 | | | | 157.50 | 157.50 | 0.00 |
| **Matter Total** | | | | | 0.00 | 0.00 | 0.00 | 157.50 | 157.50 | |
| **275614** MW Realty Management Loan | | | | | | | | | | |
| 9796 Oct 26/2007 | | | 28 | 2800.00 | | | | 2800.00 | 2800.00 | 0.00 |
| **Matter Total** | | | | | 0.00 | 0.00 | 0.00 | 2800.00 | 2800.00 | |
| **296947** Tejany Oak Brook Hotel Sale | | | | | | | | | | |
| 13638 Mar 15/2009 | | | 5 | 83.00 | | | | 83.00 | 83.00 | 0.00 |
| 13790 Apr 14/2009 | | | 5 | 1548.75 | | | | 1548.75 | 1548.75 | |
| 13983 May 18/2009 | | | 5 | 1976.50 | | | 1976.50 | | 1976.50 | |
| 14117 Jun 5/2009 | | | 5 | 5678.75 | | | 5678.75 | | 5678.75 | |
| 14306 Jul 16/2009 | | | 5 | 1535.56 | 1535.56 | | | | 1535.56 | |
| **Matter Total** | | | | | 1535.56 | 0.00 | 7655.25 | 1631.75 | 10822.56 | |
| **296936** Bar Louie Workout | | | | | | | | | | |
| 13639 Mar 15/2009 | | | 5 | 387.19 | | | | 387.19 | 387.19 | 0.00 |
| 13988 May 18/2009 | | | 5 | 102.00 | | | 102.00 | | 102.00 | |
| **Matter Total** | | | | | 0.00 | 0.00 | 102.00 | 387.19 | 489.19 | |
| **296933** Hebron Consumer Products Fraudulent Check | | | | | | | | | | |
| 13640 Mar 15/2009 | | | 5 | 567.88 | | | | 567.88 | 567.88 | 0.00 |

Aug 14/2009

Regas, Frezados & Dallas LLP
Receivables by Client
To Aug 14/2009

Page: 3

Client No & Name
Bus #:                                                    Home #:
Intro                    |--------------------- Outstanding ---------------------|

| Matter No. / Inv # AR Date | Last Receipt Date / Amount | Col. Lwr | Billed | <= 30 | <= 60 | <= 90 | > 90 | Total | Trust Bal |
|---|---|---|---|---|---|---|---|---|---|
| 296935 | Environmental Claims on 1149 Ogden Ave., | | | | | | | | |
| 13641 Mar 15/2009 | | 5 | 1174.47 | | | | 1174.47 | 1174.47 | 0.00 |
| 13837 Apr 14/2009 | | 5 | 1311.50 | | | | 1311.50 | 1311.50 | |
| 14158 Jun 10/2009 | | 5 | 127.50 | | | 127.50 | | 127.50 | |
| **Matter Total** | | | | 0.00 | 0.00 | 127.50 | 2485.97 | 2613.47 | |
| 296926 | Chase Premium Finance Corp. k/n/a Jeyavil. | | | | | | | | |
| 13519 Feb 11/2009 | | 1 | 50.00 | | | | 50.00 | 50.00 | 0.00 |
| 13931 Apr 29/2009 | | 1 | 101.17 | | | | 101.17 | 101.17 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 151.17 | 151.17 | |
| 296921 | Community Bankers Association Lawsuit | | | | | | | | |
| 13401 Feb 11/2009 | | 5 | 167.78 | | | | 167.78 | 167.78 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 167.78 | 167.78 | |
| 296916 | CSC Traymore Participation Modification | | | | | | | | |
| 13400 Feb 11/2009 | | 5 | 413.00 | | | | 413.00 | 413.00 | 0.00 |
| 13993 May 18/2009 | | 5 | 102.00 | | | 102.00 | | 102.00 | |
| **Matter Total** | | | | 0.00 | 0.00 | 102.00 | 413.00 | 515.00 | |
| 275630 | Mitchell Properties, LLC Foreclosure | | | | | | | | |
| 13122 Jan 12/2009 | | 5 | 2027.25 | | | | 2027.25 | 2027.25 | 0.00 |
| 13446 Feb 11/2009 | | 5 | 518.44 | | | | 518.44 | 518.44 | |
| 13688 Mar 15/2009 | | 5 | 1591.94 | | | | 1591.94 | 1591.94 | |
| 13799 Apr 14/2009 | | 5 | 1944.00 | | | | 1944.00 | 1944.00 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 6081.63 | 6081.63 | |
| 296919 | Mutual Venturella Hotel, LLC - General LL· | | | | | | | | |
| 13397 Feb 11/2009 | | 5 | 1387.13 | | | | 1387.13 | 1387.13 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 1387.13 | 1387.13 | |
| 296918 | Mutual Orlando, LLC - General LLC File | | | | | | | | |
| 13396 Feb 11/2009 | | 5 | 1516.19 | | | | 1516.19 | 1516.19 | 0.00 |
| 13642 Mar 15/2009 | | 5 | 283.94 | | | | 283.94 | 283.94 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 1800.13 | 1800.13 | |
| 296891 | Sultan Petroleum Loan Review and Investig· | | | | | | | | |
| 13520 Feb 11/2009 | | 1 | 363.83 | | | | 363.83 | 363.83 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 363.83 | 363.83 | |
| 296909 | VZW Victory Boulevard/Verizon Lease SNDA | | | | | | | | |
| 13392 Feb 11/2009 | | 5 | 309.75 | | | | 309.75 | 309.75 | 0.00 |
| 13994 May 18/2009 | | 5 | 102.00 | | | 102.00 | | 102.00 | |
| **Matter Total** | | | | 0.00 | 0.00 | 102.00 | 309.75 | 411.75 | |
| 296908 | Byers Account | | | | | | | | |
| 13391 Feb 11/2009 | | 5 | 509.69 | | | | 509.69 | 509.69 | 0.00 |
| 13643 Mar 15/2009 | | 5 | 77.44 | | | | 77.44 | 77.44 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 587.13 | 587.13 | |
| 296905 | 223 Lake Street Properties Foreclosure on | | | | | | | | |
| 13390 Feb 11/2009 | | 5 | 1602.13 | | | | 1602.13 | 1602.13 | 0.00 |
| 13644 Mar 15/2009 | | 5 | 444.28 | | | | 444.28 | 444.28 | |
| 13836 Apr 14/2009 | | 5 | 76.50 | | | | 76.50 | 76.50 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 2122.91 | 2122.91 | |
| 296901 | Metro Nine Hotel LLC, Loan Extension | | | | | | | | |
| 13337 Feb 6/2009 | | 4 | 750.00 | | | | 750.00 | 750.00 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 750.00 | 750.00 | |
| 296958 | C & S Realty Foreclosure | | | | | | | | |
| 13835 Apr 14/2009 | | 5 | 301.75 | | | | 301.75 | 301.75 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 301.75 | 301.75 | |
| 286838 | SJL Canal Street Foreclosure (Loan #29550 | | | | | | | | |
| 13117 Jan 12/2009 | | 5 | 8413.56 | | | | 8413.56 | 8413.56 | 0.00 |
| 13389 Feb 11/2009 | | 5 | 7566.25 | | | | 7566.25 | 7566.25 | |
| 13645 Mar 15/2009 | | 5 | 290.06 | | | | 290.06 | 290.06 | |
| 13719 Mar 16/2009 | | 5 | 178.50 | | | | 178.50 | 178.50 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 16448.37 | 16448.37 | |
| 296866 | Estate of William Rock (NY Branch) | | | | | | | | |
| 13116 Jan 12/2009 | | 5 | 363.83 | | | | 363.83 | 363.83 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 363.83 | 363.83 | |
| 286860 | Heritage Plaza, Carol Stream - Use Restri· | | | | | | | | |
| 13115 Jan 12/2009 | | 5 | 605.06 | | | | 605.06 | 605.06 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 605.06 | 605.06 | |
| 296869 | Loan to Starkman and Belmonte | | | | | | | | |
| 14230 Jun 14/2009 | | 4 | 2800.00 | | | 2800.00 | | 2800.00 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 2800.00 | 0.00 | 2800.00 | |
| 286895 | Happy Team, Inc., Loan Extension | | | | | | | | |
| 13061 Jan 6/2009 | | 28 | 750.00 | | | | 750.00 | 750.00 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 750.00 | 750.00 | |
| 286893 | Good Image Hospitality, Inc. Loan Modific· | | | | | | | | |
| 13253 Jan 5/2009 | | 28 | 1500.00 | | | | 1500.00 | 1500.00 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 1500.00 | 1500.00 | |
| 286880 | Brisam West 16, LLC, Loan Extension | | | | | | | | |
| 13049 Jan 2/2009 | | 28 | 1250.00 | | | | 1250.00 | 1250.00 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 1250.00 | 1250.00 | |
| 286878 | Red Star America, Inc., Loan Extension | | | | | | | | |
| 13047 Dec 31/2008 | | 28 | 500.00 | | | | 500.00 | 500.00 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 500.00 | 500.00 | |
| 286876 | Participation with Broadway Bank loan to | | | | | | | | |
| 13550 Feb 11/2009 | | 24 | 903.44 | | | | 903.44 | 903.44 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 903.44 | 903.44 | |
| 286872 | Angelo Tsaklopoulos Loan Extension | | | | | | | | |
| 13339 Feb 9/2009 | | 28 | 31.00 | | | | 31.00 | 31.00 | 0.00 |
| 13916 Apr 16/2009 | | 28 | 38.00 | | | | 38.00 | 38.00 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 69.00 | 69.00 | |
| 286852 | Riverside District Development, LLC, Loan | | | | | | | | |
| 13031 Dec 15/2008 | | 4 | 1000.00 | | | | 1000.00 | 1000.00 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 1000.00 | 1000.00 | |

Aug 14/2009                              Regas, Frezados & Dallas LLP                              Page: 4
                                           Receivables by Client
                                             To Aug 14/2009

Client No & Name
Bus #:                  Home #:                    Intro      |------------------------- Outstanding ---------------------|

| Matter No. Inv # AR Date | Date Last Receipt Amount | Col. Lwr | Billed | <= 30 | <= 60 | <= 90 | > 90 | Total | Trust Bal |
|---|---|---|---|---|---|---|---|---|---|
| 13025 Dec 12/2008 | | 4 | 1500.00 | | | | 1500.00 | 1500.00 | 0.00 |
| **Matter Total** | | | | **0.00** | **0.00** | **0.00** | **1500.00** | **1500.00** | |
| 286842 | | Sandler Dempster St. Foreclosure (Loan #3 | | | | | | | |
| 13114 Jan 12/2009 | | 5 | 3901.63 | | | | 3901.63 | 3901.63 | 0.00 |
| 13409 Feb 11/2009 | | 5 | 1567.13 | | | | 1567.13 | 1567.13 | |
| 13646 Mar 15/2009 | | 5 | 239.53 | | | | 239.53 | 239.53 | |
| 13834 Apr 14/2009 | | 5 | 229.50 | | | | 229.50 | 229.50 | |
| **Matter Total** | | | | **0.00** | **0.00** | **0.00** | **5937.79** | **5937.79** | |
| 286841 | | Sale of Lot 4B-5.59 Acres, Bloomington, I | | | | | | | |
| 13549 Feb 11/2009 | | 4 | 1531.59 | | | | 1531.59 | 1531.59 | 0.00 |
| **Matter Total** | | | | **0.00** | **0.00** | **0.00** | **1531.59** | **1531.59** | |
| 286836 | | AGH Corporation Loan Consolidation | | | | | | | |
| 13035 Dec 17/2008 | | 4 | 1000.00 | | | | 1000.00 | 1000.00 | 0.00 |
| **Matter Total** | | | | **0.00** | **0.00** | **0.00** | **1000.00** | **1000.00** | |
| 286812 | | Shalimar Holdings Foreclosure | | | | | | | |
| 13113 Jan 12/2009 | | 5 | 628.69 | | | | 628.69 | 628.69 | 0.00 |
| **Matter Total** | | | | **0.00** | **0.00** | **0.00** | **628.69** | **628.69** | |
| 286828 | | Morgan Terrace Insurance Claim Glycol Lea | | | | | | | |
| 13412 Jan 12/2009 | | 5 | 348.47 | | | | 348.47 | 348.47 | |
| 13412 Feb 11/2009 | | 5 | 103.25 | | | | 103.25 | 103.25 | |
| 13647 Mar 15/2009 | | 5 | 258.13 | | | | 258.13 | 258.13 | |
| 13833 Apr 14/2009 | | 5 | 59.00 | | | | 59.00 | 59.00 | |
| 14166 Jun 10/2009 | | 5 | 383.50 | | | 383.50 | | 383.50 | |
| **Matter Total** | | | | **0.00** | **0.00** | **383.50** | **768.85** | **1152.35** | |
| 286817 | | 312 Leicester Foreclosure (Loan #326500) | | | | | | | |
| 13111 Jan 12/2009 | | 5 | 3222.84 | | | | 3222.84 | 3222.84 | 0.00 |
| 13425 Feb 11/2009 | | 5 | 5239.41 | | | | 5239.41 | 5239.41 | |
| 13648 Mar 15/2009 | | 5 | 250.69 | | | | 250.69 | 250.69 | |
| 13832 Apr 14/2009 | | 5 | 76.50 | | | | 76.50 | 76.50 | |
| **Matter Total** | | | | **0.00** | **0.00** | **0.00** | **8789.44** | **8789.44** | |
| 286800 | | Parth-Local Roofing Lien Claim | | | | | | | |
| 13110 Jan 12/2009 | | 5 | 336.66 | | | | 336.66 | 336.66 | 0.00 |
| 13426 Feb 11/2009 | | 5 | 945.50 | | | | 945.50 | 945.50 | |
| 13649 Mar 15/2009 | | 5 | 3913.59 | | | | 3913.59 | 3913.59 | |
| 13831 Apr 14/2009 | | 5 | 236.00 | | | | 236.00 | 236.00 | |
| 14014 May 18/2009 | | 5 | 55.00 | | | 55.00 | | 55.00 | |
| **Matter Total** | | | | **0.00** | **0.00** | **55.00** | **5431.75** | **5486.75** | |
| 286832 | | Tejany Evansville Foreclosure (Loan #3883 | | | | | | | |
| 13109 Jan 12/2009 | | 5 | 6312.69 | | | | 6312.69 | 6312.69 | 0.00 |
| 13427 Feb 11/2009 | | 5 | 6521.44 | | | | 6521.44 | 6521.44 | |
| 13650 Mar 15/2009 | | 5 | 1501.59 | | | | 1501.59 | 1501.59 | |
| 13830 Apr 14/2009 | | 5 | 343.50 | | | | 343.50 | 343.50 | |
| 14168 Jun 10/2009 | | 5 | 88.50 | | | 88.50 | | 88.50 | |
| 14307 Jul 16/2009 | | 5 | 127.50 | 127.50 | | | | 127.50 | |
| 14433 Aug 13/2009 | | 5 | 255.00 | 255.00 | | | | 255.00 | |
| **Matter Total** | | | | **382.50** | **0.00** | **88.50** | **14679.22** | **15150.22** | |
| 286831 | | Tejany South Beloit Foreclosure (Loan #30 | | | | | | | |
| 13108 Jan 12/2009 | | 5 | 4127.81 | | | | 4127.81 | 4127.81 | 0.00 |
| 13431 Feb 11/2009 | | 5 | 3927.00 | | | | 3927.00 | 3927.00 | |
| 13651 Mar 15/2009 | | 5 | 133.88 | | | | 133.88 | 133.88 | |
| **Matter Total** | | | | **0.00** | **0.00** | **0.00** | **8188.69** | **8188.69** | |
| 286830 | | Tejany Aurora Foreclosure (Loan #38830; 4 | | | | | | | |
| 13107 Jan 12/2009 | | 5 | 6111.22 | | | | 6111.22 | 6111.22 | 0.00 |
| 13432 Feb 11/2009 | | 5 | 6993.44 | | | | 6993.44 | 6993.44 | |
| 13652 Mar 15/2009 | | 5 | 90.34 | | | | 90.34 | 90.34 | |
| 13829 Apr 14/2009 | | 5 | 51.00 | | | | 51.00 | 51.00 | |
| **Matter Total** | | | | **0.00** | **0.00** | **0.00** | **13246.00** | **13246.00** | |
| 286785 | | Tejany Oak Brook Foreclosure (Loan #30920 | | | | | | | |
| 13106 Jan 12/2009 | | 5 | 20688.93 | | | | 20688.93 | 20688.93 | 0.00 |
| 13436 Feb 11/2009 | | 5 | 4344.67 | | | | 4344.67 | 4344.67 | |
| 13653 Mar 15/2009 | | 5 | 14164.75 | | | | 14164.75 | 14164.75 | |
| 13828 Apr 14/2009 | | 5 | 53.81 | | | | 53.81 | 53.81 | |
| 14167 Jun 10/2009 | | 5 | 178.50 | | | 178.50 | | 178.50 | |
| 14308 Jul 16/2009 | | 5 | 88.50 | 88.50 | | | | 88.50 | |
| 14432 Aug 13/2009 | | 5 | 457.25 | 457.25 | | | | 457.25 | |
| **Matter Total** | | | | **545.75** | **0.00** | **178.50** | **39252.16** | **39976.41** | |
| 275736 | | MJB Pontiac Workout | | | | | | | |
| 13123 Jan 12/2009 | | 5 | 2391.97 | | | | 2391.97 | 2391.97 | 0.00 |
| 13445 Feb 11/2009 | | 5 | 374.50 | | | | 374.50 | 374.50 | |
| 13687 Mar 15/2009 | | 5 | 2986.03 | | | | 2986.03 | 2986.03 | |
| 13800 Apr 14/2009 | | 5 | 357.00 | | | | 357.00 | 357.00 | |
| 14165 Jun 10/2009 | | 5 | 76.50 | | | 76.50 | | 76.50 | |
| **Matter Total** | | | | **0.00** | **0.00** | **76.50** | **6109.50** | **6186.00** | |
| 286905 | | Venturella Restructuring | | | | | | | |
| 13105 Jan 12/2009 | | 5 | 15613.02 | | | | 15613.02 | 15613.02 | 0.00 |
| 13449 Feb 11/2009 | | 5 | 13640.59 | | | | 13640.59 | 13640.59 | |
| 13654 Mar 15/2009 | | 5 | 3346.44 | | | | 3346.44 | 3346.44 | |
| 13827 Apr 14/2009 | | 5 | 1009.00 | | | | 1009.00 | 1009.00 | |
| **Matter Total** | | | | **0.00** | **0.00** | **0.00** | **33609.05** | **33609.05** | |
| 286893 | | Defense Retaliatory Action brought by Ken | | | | | | | |
| 13272 Jan 14/2009 | | 2 | 6558.54 | | | | 6558.54 | 6558.54 | 0.00 |
| 13544 Feb 11/2009 | | 2 | 4712.19 | | | | 4712.19 | 4712.19 | |
| 13586 Mar 15/2009 | | 2 | 1250.16 | | | | 1250.16 | 1250.16 | |
| 13910 Apr 15/2009 | | 2 | 5525.00 | | | | 5525.00 | 5525.00 | |
| 14085 May 19/2009 | | 2 | 1593.00 | | | 1593.00 | | 1593.00 | |
| **Matter Total** | | | | **0.00** | **0.00** | **1593.00** | **18045.89** | **19638.89** | |
| 275753 | | Skyy Builders Collection | | | | | | | |
| 13124 Jan 12/2009 | | 5 | 429.67 | | | | 429.67 | 429.67 | 0.00 |

Receivables by Client
To Aug 14/2009

| Client No & Name Bus #: Matter No. Inv # AR Date | Home #: Last Receipt Date | Amount | Col. Lwr | Billed | Intro |----------------- Outstanding -----------------| | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | <= 30 | <= 60 | <= 90 | > 90 | Total | Trust Bal |
| **Matter Total** | | | | | | 0.00 | 0.00 | 0.00 | 541.23 | 541.23 | |
| 286815 | | Meadows Club Realty Mortgage Foreclosure | | | | | | | | | |
| 13104 Jan 12/2009 | | | 5 | 317.19 | | | | | 317.19 | 317.19 | 0.00 |
| 13655 Mar 15/2009 | | | 5 | 41.13 | | | | | 41.13 | 41.13 | |
| **Matter Total** | | | | | | 0.00 | 0.00 | 0.00 | 358.32 | 358.32 | |
| 286814 | | Lite View Limited Mortgage Foreclosure (L | | | | | | | | | |
| 13103 Jan 12/2009 | | | 5 | 205.63 | | | | | 205.63 | 205.63 | 0.00 |
| **Matter Total** | | | | | | 0.00 | 0.00 | 0.00 | 205.63 | 205.63 | |
| 286743 | | Sultan Petroleum Iowa Foreclosure on 1101 | | | | | | | | | |
| 13102 Jan 12/2009 | | | 5 | 5757.85 | | | | | 5757.85 | 5757.85 | 0.00 |
| 13447 Feb 11/2009 | | | 5 | 2248.84 | | | | | 2248.84 | 2248.84 | |
| 13656 Mar 15/2009 | | | 5 | 2016.94 | | | | | 2016.94 | 2016.94 | |
| 13826 Apr 14/2009 | | | 5 | 6485.00 | | | | | 6485.00 | 6485.00 | |
| **Matter Total** | | | | | | 0.00 | 0.00 | 0.00 | 16508.63 | 16508.63 | |
| 286796 | | Sultan Petroleum of Iowa, Inc. Foreclosur | | | | | | | | | |
| 13101 Jan 12/2009 | | | 5 | 4153.99 | | | | | 4153.99 | 4153.99 | 0.00 |
| 13438 Feb 11/2009 | | | 5 | 3140.16 | | | | | 3140.16 | 3140.16 | |
| 13657 Mar 15/2009 | | | 5 | 5064.94 | | | | | 5064.94 | 5064.94 | |
| 13825 Apr 14/2009 | | | 5 | 1275.00 | | | | | 1275.00 | 1275.00 | |
| 14163 Jun 10/2009 | | | 5 | 25.50 | | | | 25.50 | | 25.50 | |
| **Matter Total** | | | | | | 0.00 | 0.00 | 25.50 | 13634.09 | 13659.59 | |
| 286798 | | Vintage By Design Foreclosure on 510 N. C | | | | | | | | | |
| 13100 Jan 12/2009 | | | 5 | 4839.88 | | | | | 4839.88 | 4839.88 | 0.00 |
| 13428 Feb 11/2009 | | | 5 | 1790.38 | | | | | 1790.38 | 1790.38 | |
| 13658 Mar 15/2009 | | | 5 | 1343.94 | | | | | 1343.94 | 1343.94 | |
| 13824 Apr 14/2009 | | | 5 | 998.50 | | | | | 998.50 | 998.50 | |
| 14007 May 18/2009 | | | 5 | 561.00 | | | | 561.00 | | 561.00 | |
| **Matter Total** | | | | | | 0.00 | 0.00 | 561.00 | 8972.70 | 9533.70 | |
| 286795 | | Sultan Petroleum of Iowa, Inc. Foreclosur | | | | | | | | | |
| 13099 Jan 12/2009 | | | 5 | 3446.94 | | | | | 3446.94 | 3446.94 | 0.00 |
| 13424 Feb 11/2009 | | | 5 | 1893.34 | | | | | 1893.34 | 1893.34 | |
| 13659 Mar 15/2009 | | | 5 | 1517.25 | | | | | 1517.25 | 1517.25 | |
| 13823 Apr 14/2009 | | | 5 | 688.50 | | | | | 688.50 | 688.50 | |
| **Matter Total** | | | | | | 0.00 | 0.00 | 0.00 | 7546.03 | 7546.03 | |
| 286797 | | Sultan Petroleum of Iowa, Inc. Foreclosur | | | | | | | | | |
| 13098 Jan 12/2009 | | | 5 | 3825.59 | | | | | 3825.59 | 3825.59 | 0.00 |
| 13417 Feb 11/2009 | | | 5 | 2136.09 | | | | | 2136.09 | 2136.09 | |
| 13660 Mar 15/2009 | | | 5 | 689.25 | | | | | 689.25 | 689.25 | |
| 13822 Apr 14/2009 | | | 5 | 1530.00 | | | | | 1530.00 | 1530.00 | |
| 14161 Jun 10/2009 | | | 5 | 25.50 | | | | 25.50 | | 25.50 | |
| **Matter Total** | | | | | | 0.00 | 0.00 | 25.50 | 8180.93 | 8206.43 | |
| 286789 | | Anz Enterprise, Inc. Loan Modification | | | | | | | | | |
| 12696 Nov 11/2008 | | | 4 | 275.00 | | | | | 275.00 | 275.00 | 0.00 |
| **Matter Total** | | | | | | 0.00 | 0.00 | 0.00 | 275.00 | 275.00 | |
| 286788 | | Sam & R Enterprise, Inc. loan extension | | | | | | | | | |
| 12695 Nov 11/2008 | | | 4 | 375.00 | | | | | 375.00 | 375.00 | 0.00 |
| **Matter Total** | | | | | | 0.00 | 0.00 | 0.00 | 375.00 | 375.00 | |
| 286773 | | Bisla/Keepsake Construction Lien Claim | | | | | | | | | |
| 13097 Jan 12/2009 | | | 5 | 1134.00 | | | | | 1134.00 | 1134.00 | 0.00 |
| 13415 Feb 11/2009 | | | 5 | 387.84 | | | | | 387.84 | 387.84 | |
| 13661 Mar 15/2009 | | | 5 | 1899.43 | | | | | 1899.43 | 1899.43 | |
| 13821 Apr 14/2009 | | | 5 | 1430.00 | | | | | 1430.00 | 1430.00 | |
| 14003 May 18/2009 | | | 5 | 402.50 | | | | 402.50 | | 402.50 | |
| **Matter Total** | | | | | | 0.00 | 0.00 | 402.50 | 4851.27 | 5253.77 | |
| 286772 | | U.S. Bank Mortgage Foreclosure Defense | | | | | | | | | |
| 13096 Jan 12/2009 | | | 5 | 109.81 | | | | | 109.81 | 109.81 | 0.00 |
| **Matter Total** | | | | | | 0.00 | 0.00 | 0.00 | 109.81 | 109.81 | |
| 286748 | | Quality Inn, Baltimore-Master Lease Conse | | | | | | | | | |
| 13095 Jan 12/2009 | | | 5 | 23.40 | | | | | 23.40 | 23.40 | 0.00 |
| **Matter Total** | | | | | | 0.00 | 0.00 | 0.00 | 23.40 | 23.40 | |
| 286762 | | Fazal Investment Group, LLC Loan Modifica | | | | | | | | | |
| 12672 Oct 29/2008 | | | 4 | 275.00 | | | | | 275.00 | 275.00 | 0.00 |
| **Matter Total** | | | | | | 0.00 | 0.00 | 0.00 | 275.00 | 275.00 | |
| 286745 | | Sultan Petroleum Illinois Foreclosure (Lo | | | | | | | | | |
| 13094 Jan 12/2009 | | | 5 | 14370.60 | | | | | 14370.60 | 14370.60 | 0.00 |
| 13413 Feb 11/2009 | | | 5 | 9068.47 | | | | | 9068.47 | 9068.47 | |
| 13662 Mar 15/2009 | | | 5 | 9001.28 | | | | | 9001.28 | 9001.28 | |
| 13820 Apr 14/2009 | | | 5 | 3200.04 | | | | | 3200.04 | 3200.04 | |
| 14002 May 18/2009 | | | 5 | 2032.22 | | | | 2032.22 | | 2032.22 | |
| **Matter Total** | | | | | | 0.00 | 0.00 | 2032.22 | 35640.39 | 37672.61 | |
| 286617 | | Galena Heights Foreclosure (Loan #371900) | | | | | | | | | |
| 13093 Jan 12/2009 | | | 5 | 812.88 | | | | | 812.88 | 812.88 | 0.00 |
| 13411 Feb 11/2009 | | | 5 | 1017.88 | | | | | 1017.88 | 1017.88 | |
| 13663 Mar 15/2009 | | | 5 | 189.00 | | | | | 189.00 | 189.00 | |
| 13819 Apr 14/2009 | | | 5 | 841.50 | | | | | 841.50 | 841.50 | |
| **Matter Total** | | | | | | 0.00 | 0.00 | 0.00 | 2861.26 | 2861.26 | |
| 286616 | | Wahbeh Foreclosure (Loan #376600) | | | | | | | | | |
| 13128 Jan 12/2009 | | | 5 | 812.88 | | | | | 812.88 | 812.88 | 0.00 |
| 13410 Feb 11/2009 | | | 5 | 1151.75 | | | | | 1151.75 | 1151.75 | |
| 13664 Mar 15/2009 | | | 5 | 44.63 | | | | | 44.63 | 44.63 | |
| 13818 Apr 14/2009 | | | 5 | 841.50 | | | | | 841.50 | 841.50 | |
| **Matter Total** | | | | | | 0.00 | 0.00 | 0.00 | 2850.76 | 2850.76 | |
| 286525 | | Nair Prasad Foreclosure (Loan #339100) | | | | | | | | | |
| 13129 Jan 12/2009 | | | 5 | 432.69 | | | | | 432.69 | 432.69 | 0.00 |
| **Matter Total** | | | | | | 0.00 | 0.00 | 0.00 | 432.69 | 432.69 | |
| 286690 | | Vintage By Design Foreclosure on 20 E. Ay | | | | | | | | | |
| 13130 Jan 12/2009 | | | 5 | 5445.56 | | | | | 5445.56 | 5445.56 | 0.00 |
| 13408 Feb 11/2009 | | | 5 | 1897.00 | | | | | 1897.00 | 1897.00 | |

Aug 14/2009        Regas, Frezados & Dallas LLP
Receivables by Client
To Aug 14/2009

Client No. & Name      Home #:
Bus #:         Intro    |--------------------- Outstanding ---------------------|

| Matter No.<br>Inv # AR Date | Last Receipt<br>Date | Amount | Col. Lwr | Billed | <= 30 | <= 60 | <= 90 | > 90 | Total | Trust Bal |
|---|---|---|---|---|---|---|---|---|---|---|
| 13817 Apr 14/2009 | | | 5 | 994.50 | | | | 994.50 | 994.50 | |
| 13997 May 18/2009 | | | 5 | 688.50 | | | 688.50 | | 688.50 | |
| **Matter Total** | | | | | 0.00 | 0.00 | 688.50 | 10118.06 | 10806.56 | |
| 286747 | | | Sultan Ohio LLC Foreclosure (Loan #371800 | | | | | | | |
| 13131 Jan 12/2009 | | | 5 | 3073.90 | | | | 3073.90 | 3073.90 | 0.00 |
| 13393 Feb 11/2009 | | | 5 | 1561.88 | | | | 1561.88 | 1561.88 | |
| 13666 Mar 15/2009 | | | 5 | 1383.38 | | | | 1383.38 | 1383.38 | |
| 13816 Apr 14/2009 | | | 5 | 2928.25 | | | | 2928.25 | 2928.25 | |
| 13987 May 18/2009 | | | 5 | 127.50 | | | 127.50 | | 127.50 | |
| **Matter Total** | | | | | 0.00 | 0.00 | 127.50 | 8947.41 | 9074.91 | |
| 286755 | | | Lena Gas & Food Mart, Inc. Foreclosure (L | | | | | | | |
| 13132 Jan 12/2009 | | | 5 | 1542.68 | | | | 1542.68 | 1542.68 | 0.00 |
| 13394 Feb 11/2009 | | | 5 | 981.75 | | | | 981.75 | 981.75 | |
| 13667 Mar 15/2009 | | | 5 | 3366.95 | | | | 3366.95 | 3366.95 | |
| 13815 Apr 14/2009 | | | 5 | 1191.74 | | | | 1191.74 | 1191.74 | |
| 13990 May 18/2009 | | | 5 | 25.50 | | | 25.50 | | 25.50 | |
| **Matter Total** | | | | | 0.00 | 0.00 | 25.50 | 7083.12 | 7108.62 | |
| 286749 | | | Stenstrom Petroleum Mechanics' Lien Defen | | | | | | | |
| 13133 Jan 12/2009 | | | 5 | 1641.72 | | | | 1641.72 | 1641.72 | 0.00 |
| 13395 Feb 11/2009 | | | 5 | 1170.31 | | | | 1170.31 | 1170.31 | |
| 13668 Mar 15/2009 | | | 5 | 1831.38 | | | | 1831.38 | 1831.38 | |
| 13814 Apr 14/2009 | | | 5 | 1406.00 | | | | 1406.00 | 1406.00 | |
| **Matter Total** | | | | | 0.00 | 0.00 | 0.00 | 6049.41 | 6049.41 | |
| 286728 | | | Renaissance Healthcare Bankruptcy | | | | | | | |
| 13134 Jan 12/2009 | | | 5 | 1619.63 | | | | 1619.63 | 1619.63 | 0.00 |
| 13398 Feb 11/2009 | | | 5 | 2629.16 | | | | 2629.16 | 2629.16 | |
| 13669 Mar 15/2009 | | | 5 | 862.78 | | | | 862.78 | 862.78 | |
| 14309 Jul 16/2009 | | | 5 | 229.50 | 229.50 | | | | 229.50 | |
| **Matter Total** | | | | | 229.50 | 0.00 | 0.00 | 5111.57 | 5341.07 | |
| 275829 | | | Sharma Fraudulent Conveyance | | | | | | | |
| 13125 Jan 12/2009 | | | 5 | 1040.81 | | | | 1040.81 | 1040.81 | 0.00 |
| 13442 Feb 11/2009 | | | 5 | 66.94 | | | | 66.94 | 66.94 | |
| **Matter Total** | | | | | 0.00 | 0.00 | 0.00 | 1107.75 | 1107.75 | |
| 286735 | | | Patel & Soni Loan Extensions | | | | | | | |
| 12805 Nov 20/2008 | | | 4 | 1000.00 | | | | 1000.00 | 1000.00 | 0.00 |
| **Matter Total** | | | | | 0.00 | 0.00 | 0.00 | 1000.00 | 1000.00 | |
| 286732 | | | Riverside District Development, LLC, Loan | | | | | | | |
| 12439 Oct 9/2008 | | | 4 | 500.00 | | | | 500.00 | 500.00 | 0.00 |
| **Matter Total** | | | | | 0.00 | 0.00 | 0.00 | 500.00 | 500.00 | |
| 286725 | | | Real Business, Inc. Foreclosure | | | | | | | |
| 13135 Jan 12/2009 | | | 5 | 7293.24 | | | | 7293.24 | 7293.24 | 0.00 |
| 13399 Feb 11/2009 | | | 5 | 1796.59 | | | | 1796.59 | 1796.59 | |
| 13670 Mar 15/2009 | | | 5 | 2393.89 | | | | 2393.89 | 2393.89 | |
| 13813 Apr 14/2009 | | | 5 | 1464.75 | | | | 1464.75 | 1464.75 | |
| **Matter Total** | | | | | 0.00 | 0.00 | 0.00 | 12948.47 | 12948.47 | |
| 286667 | | | Path Oil Mechanic's Lien | | | | | | | |
| 13136 Jan 12/2009 | | | 5 | 226.19 | | | | 226.19 | 226.19 | 0.00 |
| **Matter Total** | | | | | 0.00 | 0.00 | 0.00 | 226.19 | 226.19 | |
| 286714 | | | Homewood Hospitality Loan | | | | | | | |
| 13138 Jan 12/2009 | | | 5 | 362.32 | | | | 362.32 | 362.32 | 0.00 |
| **Matter Total** | | | | | 0.00 | 0.00 | 0.00 | 362.32 | 362.32 | |
| 286713 | | | Parvati Sale of Notes | | | | | | | |
| 13139 Jan 12/2009 | | | 5 | 441.88 | | | | 441.88 | 441.88 | 0.00 |
| 13402 Feb 11/2009 | | | 5 | 66.94 | | | | 66.94 | 66.94 | |
| **Matter Total** | | | | | 0.00 | 0.00 | 0.00 | 508.82 | 508.82 | |
| 286711 | | | Malti Sharma Bankruptcy | | | | | | | |
| 13140 Jan 12/2009 | | | 5 | 393.75 | | | | 393.75 | 393.75 | 0.00 |
| **Matter Total** | | | | | 0.00 | 0.00 | 0.00 | 393.75 | 393.75 | |
| 286698 | | | City of Chicago v. Gandhi | | | | | | | |
| 13141 Jan 12/2009 | | | 5 | 66.94 | | | | 66.94 | 66.94 | 0.00 |
| 13671 Mar 15/2009 | | | 5 | 178.50 | | | | 178.50 | 178.50 | |
| 13995 May 18/2009 | | | 5 | 867.00 | | | 867.00 | | 867.00 | |
| **Matter Total** | | | | | 0.00 | 0.00 | 867.00 | 245.44 | 1112.44 | |
| 286696 | | | Building Code Violation 1016-1018 W. Madi | | | | | | | |
| 13142 Jan 12/2009 | | | 5 | 452.38 | | | | 452.38 | 452.38 | 0.00 |
| 13672 Mar 15/2009 | | | 5 | 200.81 | | | | 200.81 | 200.81 | |
| **Matter Total** | | | | | 0.00 | 0.00 | 0.00 | 653.19 | 653.19 | |
| 286683 | | | Morgan Terrace Loan Workout | | | | | | | |
| 13143 Jan 12/2009 | | | 5 | 57259.51 | | | | 57259.51 | 57259.51 | 0.00 |
| 13404 Feb 11/2009 | | | 5 | 16326.84 | | | | 16326.84 | 16326.84 | |
| 13673 Mar 15/2009 | | | 5 | 9581.68 | | | | 9581.68 | 9581.68 | |
| 13812 Apr 14/2009 | | | 5 | 10369.25 | | | | 10369.25 | 10369.25 | |
| 13999 May 18/2009 | | | 5 | 177.00 | | | 177.00 | | 177.00 | |
| **Matter Total** | | | | | 0.00 | 0.00 | 177.00 | 93537.28 | 93714.28 | |
| 286687 | | | Pain Management Bankruptcy | | | | | | | |
| 13144 Jan 12/2009 | | | 5 | 989.63 | | | | 989.63 | 989.63 | 0.00 |
| 13405 Feb 11/2009 | | | 5 | 858.38 | | | | 858.38 | 858.38 | |
| 13674 Mar 15/2009 | | | 5 | 538.34 | | | | 538.34 | 538.34 | |
| 13811 Apr 14/2009 | | | 5 | 76.50 | | | | 76.50 | 76.50 | |
| 14000 May 18/2009 | | | 5 | 102.00 | | | 102.00 | | 102.00 | |
| **Matter Total** | | | | | 0.00 | 0.00 | 102.00 | 2462.85 | 2564.85 | |
| 286689 | | | Rand Ridge, LLC Loan | | | | | | | |
| 13920 Apr 16/2009 | | | 4 | 43.00 | | | | 43.00 | 43.00 | 0.00 |
| **Matter Total** | | | | | 0.00 | 0.00 | 0.00 | 43.00 | 43.00 | |
| 286751 | | | Bagash-Morgan Terrace Claim | | | | | | | |
| 13145 Jan 12/2009 | | | 5 | 10190.25 | | | | 10190.25 | 10190.25 | 0.00 |
| 13406 Feb 11/2009 | Feb 11/2009 | 35.00 | 5 | 2440.71 | | | | 2405.71 | 2405.71 | |
| 13675 Mar 15/2009 | | | 5 | 2026.28 | | | | 2026.28 | 2026.28 | |

Regas, Frezados & Dallas LLP
Receivables by Client
To Aug 14/2009

| Client No & Name Bus #:    Matter No. Inv # AR Date | Home #: Last Receipt Date   Amount | Col. Lwr | Billed | <= 30 | <= 60 | <= 90 | > 90 | Total | Trust Bal |
|---|---|---|---|---|---|---|---|---|---|
| 14001 May 18/2009 | | 5 | 236.00 | | | 236.00 | | 236.00 | |
| 14302 Jul 16/2009 | | 5 | 383.50 | 383.50 | | | | 383.50 | |
| **Matter Total** | | | | 383.50 | 0.00 | 236.00 | 20963.99 | 21583.49 | |
| 286688 | KD2, Inc., 5th Loan Extension | | | | | | | | |
| 12665 Oct 28/2008 | | 28 | 3500.00 | | | | 3500.00 | 3500.00 | 0.00 |
| 14221 Jun 14/2009 | | 28 | 45.68 | | | 45.68 | | 45.68 | |
| **Matter Total** | | | | 0.00 | 0.00 | 45.68 | 3500.00 | 3545.68 | |
| 243410 | Richa Hospitality Suit for Rescission | | | | | | | | |
| 13146 Jan 12/2009 | | 5 | 888.01 | | | | 888.01 | 888.01 | 0.00 |
| 13407 Feb 11/2009 | | 5 | 111.56 | | | | 111.56 | 111.56 | |
| 14004 May 18/2009 | | 5 | 51.00 | | | 51.00 | | 51.00 | |
| **Matter Total** | | | | 0.00 | 0.00 | 51.00 | 999.57 | 1050.57 | |
| 286675 | JT Petroleum LLC Loan | | | | | | | | |
| 13347 Feb 9/2009 | | 28 | 210.00 | | | | 210.00 | 210.00 | 0.00 |
| 13917 Apr 16/2009 | | 28 | 235.75 | | | | 235.75 | 235.75 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 445.75 | 445.75 | |
| 286671 | Orland Park Petroleum, LLC, Loan Extensio | | | | | | | | |
| 12249 Sep 9/2008 | | 4 | 395.00 | | | | 395.00 | 395.00 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 395.00 | 395.00 | |
| 286669 | Ludwig Farm Corporation, Loan Extension | | | | | | | | |
| 12148 Sep 8/2008 | | 4 | 395.00 | | | | 395.00 | 395.00 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 395.00 | 395.00 | |
| 286641 | Bar Investors Ordinance Violations | | | | | | | | |
| 13147 Jan 12/2009 | | 5 | 66.94 | | | | 66.94 | 66.94 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 66.94 | 66.94 | |
| 286600 | Wujcik Trust | | | | | | | | |
| 13151 Jan 12/2009 | | 5 | 77.44 | | | | 77.44 | 77.44 | 0.00 |
| 13809 Apr 14/2009 | | 5 | 88.50 | | | | 88.50 | 88.50 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 165.94 | 165.94 | |
| 275902 | Mechanic's Lien Defense on 4 Longmeadow R- | | | | | | | | |
| 13137 Jan 12/2009 | | 5 | 2451.97 | | | | 2451.97 | 2451.97 | 0.00 |
| 13441 Feb 11/2009 | | 5 | 877.63 | | | | 877.63 | 877.63 | |
| 13686 Mar 15/2009 | | 5 | 645.31 | | | | 645.31 | 645.31 | |
| 13801 Apr 14/2009 | | 5 | 837.00 | | | | 837.00 | 837.00 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 4811.91 | 4811.91 | |
| 286658 | Khouri, Dan Loan | | | | | | | | |
| 13535 Feb 11/2009 | | 28 | 38.00 | | | | 38.00 | 38.00 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 38.00 | 38.00 | |
| 286649 | Nair Prasad Venture LLC Dispute | | | | | | | | |
| 13152 Jan 12/2009 | | 5 | 1003.19 | | | | 1003.19 | 1003.19 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 1003.19 | 1003.19 | |
| 286603 | Ch. 7 Bankruptcy of Kusum Bhardwaj | | | | | | | | |
| 13153 Jan 12/2009 | | 5 | 3289.78 | | | | 3289.78 | 3289.78 | 0.00 |
| 13416 Feb 11/2009 | | 5 | 1472.63 | | | | 1472.63 | 1472.63 | |
| 13676 Mar 15/2009 | | 5 | 925.31 | | | | 925.31 | 925.31 | |
| 14009 May 18/2009 | | 5 | 102.00 | | | 102.00 | | 102.00 | |
| 14159 Jun 10/2009 | | 5 | 265.50 | | | 265.50 | | 265.50 | |
| **Matter Total** | | | | 0.00 | 0.00 | 367.50 | 5687.72 | 6055.22 | |
| 286562 | Barati Collection | | | | | | | | |
| 13154 Jan 12/2009 | | 5 | 1019.81 | | | | 1019.81 | 1019.81 | 0.00 |
| 13419 Feb 11/2009 | | 5 | 1421.22 | | | | 1421.22 | 1421.22 | |
| 13677 Mar 15/2009 | | 5 | 376.90 | | | | 376.90 | 376.90 | |
| 14160 Jun 10/2009 | | 5 | 118.00 | | | 118.00 | | 118.00 | |
| **Matter Total** | | | | 0.00 | 0.00 | 118.00 | 2817.93 | 2935.93 | |
| 286406 | Doloma Investment of Portsmouth | | | | | | | | |
| 11658 Jul 18/2008 | | 28 | 8300.00 | | | | 8300.00 | 8300.00 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 8300.00 | 8300.00 | |
| 286754 | Anjum Building Violation Complaint | | | | | | | | |
| 13155 Jan 12/2009 | | 5 | 21.66 | | | | 21.66 | 21.66 | 0.00 |
| 13421 Feb 11/2009 | | 5 | 178.50 | | | | 178.50 | 178.50 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 200.16 | 200.16 | |
| 286360 | Homewood Hotel Foreclosure - Loan #244900 | | | | | | | | |
| 13156 Jan 12/2009 | | 5 | 3447.06 | | | | 3447.06 | 3447.06 | 0.00 |
| 13422 Feb 11/2009 | | 5 | 423.94 | | | | 423.94 | 423.94 | |
| 13678 Mar 15/2009 | | 5 | 1237.47 | | | | 1237.47 | 1237.47 | |
| 13808 Apr 14/2009 | | 5 | 947.00 | | | | 947.00 | 947.00 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 6055.47 | 6055.47 | |
| 286507 | Bloomington Hospitality Foreclosure - Loa | | | | | | | | |
| 13157 Jan 12/2009 | | 5 | 3516.07 | | | | 3516.07 | 3516.07 | 0.00 |
| 13423 Feb 11/2009 | | 5 | 9542.03 | | | | 9542.03 | 9542.03 | |
| 13679 Mar 15/2009 | | 5 | 2008.13 | | | | 2008.13 | 2008.13 | |
| 13807 Apr 14/2009 | | 5 | 1810.50 | | | | 1810.50 | 1810.50 | |
| 14010 May 18/2009 | | 5 | 51.00 | | | 51.00 | | 51.00 | |
| **Matter Total** | | | | 0.00 | 0.00 | 51.00 | 15876.73 | 15927.73 | |
| 286482 | Ocean Gold Coast LLC Loan | | | | | | | | |
| 12699 Nov 13/2008 | | 28 | 2817.50 | | | | 2817.50 | 2817.50 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 2817.50 | 2817.50 | |
| 286419 | Loan Participation with Broadway Bank re | | | | | | | | |
| 12792 Nov 19/2008 | | 28 | 3797.50 | | | | 3797.50 | 3797.50 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 3797.50 | 3797.50 | |
| 286517 | New Ram LLC Loan | | | | | | | | |
| 11656 Jul 18/2008 | | 28 | 10075.00 | | | | 10075.00 | 10075.00 | 0.00 |
| 12793 Nov 18/2008 | | 28 | 7778.75 | | | | 7778.75 | 7778.75 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 17853.75 | 17853.75 | |
| 286363 | First Mutual Bancorp of Illinois, Inc. (H- | | | | | | | | |
| 13261 Jan 14/2009 | | 1 | 3200.93 | | | | 3200.93 | 3200.93 | 0.00 |
| 13598 Mar 15/2009 | | 1 | 1177.05 | | | | 1177.05 | 1177.05 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 4377.98 | 4377.98 | |

Aug 14/2009

Regas, Frezados & Dallas LLP
Receivables by Client
To  Aug 14/2009

Page: 9

| Client No & Name<br>Bus #: | Home #: | Intro | |----------- Outstanding -----------| | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Matter No.<br>Inv # AR Date | Last Receipt<br>Date   Amount | Col. Lwr | Billed | <= 30 | <= 60 | <= 90 | > 90 | Total | Trust Bal |
| 13159  Jan 12/2009 | | 5 | 1383.38 | | | | 1383.38 | 1383.38 | 0.00 |
| 13429  Feb 11/2009 | | 5 | 44.63 | | | | 44.63 | 44.63 | |
| 13680  Mar 15/2009 | | 5 | 66.94 | | | | 66.94 | 66.94 | |
| 14011  May 18/2009 | | 5 | 51.00 | | | 51.00 | | 51.00 | |
| **Matter Total** | | | | 0.00 | 0.00 | 51.00 | 1494.95 | 1545.95 | |
| 286308 | Balrishna A. Patel Mortgage Foreclosure | | | | | | | | |
| 13160  Jan 12/2009 | | 5 | 2193.63 | | | | 2193.63 | 2193.63 | 0.00 |
| 13430  Feb 11/2009 | | 5 | 22.31 | | | | 22.31 | 22.31 | |
| 13681  Mar 15/2009 | | 5 | 3958.98 | | | | 3958.98 | 3958.98 | |
| 13806  Apr 14/2009 | | 5 | 331.50 | | | | 331.50 | 331.50 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 6506.42 | 6506.42 | |
| 286287 | Williamsburg Terrace, LLC | | | | | | | | |
| 12789  Nov 18/2008 | | 28 | 2082.50 | | | | 2082.50 | 2082.50 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 2082.50 | 2082.50 | |
| 286379 | Sibley Mortgage Foreclosure - Loan #30950 | | | | | | | | |
| 13161  Jan 12/2009 | | 5 | 253.69 | | | | 253.69 | 253.69 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 253.69 | 253.69 | |
| 286251 | Spiritworks, LLC Foreclosure | | | | | | | | |
| 13162  Jan 12/2009 | | 5 | 3111.81 | | | | 3111.81 | 3111.81 | 0.00 |
| 13433  Feb 11/2009 | | 5 | 362.25 | | | | 362.25 | 362.25 | |
| 13682  Mar 15/2009 | | 5 | 1078.75 | | | | 1078.75 | 1078.75 | |
| 13805  Apr 14/2009 | | 5 | 847.50 | | | | 847.50 | 847.50 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 5400.31 | 5400.31 | |
| 286250 | Faithfulworks LLC Foreclosure | | | | | | | | |
| 13163  Jan 12/2009 | | 5 | 3267.31 | | | | 3267.31 | 3267.31 | 0.00 |
| 13434  Feb 11/2009 | | 5 | 1840.81 | | | | 1840.81 | 1840.81 | |
| 13683  Mar 15/2009 | | 5 | 3678.59 | | | | 3678.59 | 3678.59 | |
| 13804  Apr 14/2009 | | 5 | 2077.50 | | | | 2077.50 | 2077.50 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 10864.21 | 10864.21 | |
| 276105 | Kamai Incorporated Foreclosure | | | | | | | | |
| 13164  Jan 12/2009 | | 5 | 3074.16 | | | | 3074.16 | 3074.16 | 0.00 |
| 13435  Feb 11/2009 | | 5 | 1670.59 | | | | 1670.59 | 1670.59 | |
| 13684  Mar 15/2009 | | 5 | 178.50 | | | | 178.50 | 178.50 | |
| 13803  Apr 14/2009 | | 5 | 683.00 | | | | 683.00 | 683.00 | |
| 14015  May 18/2009 | | 5 | 102.00 | | | 102.00 | | 102.00 | |
| 14303  Jul 16/2009 | | 5 | 76.50 | 76.50 | | | | 76.50 | |
| **Matter Total** | | | | 76.50 | 0.00 | 102.00 | 5606.25 | 5784.75 | |
| 276104 | Rizak, Inc. Foreclosure | | | | | | | | |
| 13165  Jan 12/2009 | | 5 | 5192.28 | | | | 5192.28 | 5192.28 | 0.00 |
| 13437  Feb 11/2009 | | 5 | 2113.17 | | | | 2113.17 | 2113.17 | |
| 13685  Mar 15/2009 | | 5 | 1536.89 | | | | 1536.89 | 1536.89 | |
| 13802  Apr 14/2009 | | 5 | 2564.44 | | | | 2564.44 | 2564.44 | |
| 14016  May 18/2009 | | 5 | 153.00 | | | 153.00 | | 153.00 | |
| **Matter Total** | | | | 0.00 | 0.00 | 153.00 | 11406.78 | 11559.78 | |
| 276065 | Lewis, Oscar Foreclosure | | | | | | | | |
| 13166  Jan 12/2009 | | 5 | 1026.31 | | | | 1026.31 | 1026.31 | 0.00 |
| 13440  Feb 11/2009 | | 5 | 32.81 | | | | 32.81 | 32.81 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 1059.12 | 1059.12 | |
| 286741 | Pure 67 LLC (old llc name: Morgan Terrace | | | | | | | | |
| 13260  Jan 14/2009 | | 1 | 598.50 | | | | 598.50 | 598.50 | 0.00 |
| 14268  Jul 16/2009 | | 1 | 100.00 | 100.00 | | | | 100.00 | |
| **Matter Total** | | | | 100.00 | 0.00 | 0.00 | 598.50 | 698.50 | |
| 276004 | Mafat Patel Loan | | | | | | | | |
| 11410  Jun 13/2008 | | 4 | 412.50 | | | | 412.50 | 412.50 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 412.50 | 412.50 | |
| 276011 | Raj Sai Hospitality, LLC t/a Best Western | | | | | | | | |
| 11764  Jul 21/2008 | | 28 | 10070.00 | | | | 10070.00 | 10070.00 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 10070.00 | 10070.00 | |
| 276032 | Shrinathji, LLC, Loan | | | | | | | | |
| 11405  Jun 12/2008 | | 4 | 65.00 | | | | 65.00 | 65.00 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 65.00 | 65.00 | |
| 276056 | Jackson & Young Enterprise Foreclosure | | | | | | | | |
| 14332  Jul 16/2009 | | 5 | 177.00 | 177.00 | | | | 177.00 | 0.00 |
| **Matter Total** | | | | 177.00 | 0.00 | 0.00 | 0.00 | 177.00 | |
| 276078 | Mutual Hospitality Management Company Gen- | | | | | | | | |
| 13263  Jan 14/2009 | | 1 | 158.50 | | | | 158.50 | 158.50 | 0.00 |
| 13904  Apr 15/2009 | | 1 | 887.00 | | | | 887.00 | 887.00 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 1045.50 | 1045.50 | |
| 276062 | Tejany Hospitality Loan Modification-Loan | | | | | | | | |
| 11676  Jul 18/2008 | | 28 | 1500.00 | | | | 1500.00 | 1500.00 | 0.00 |
| 13034  Dec 17/2008 | | 28 | 35.00 | | | | 35.00 | 35.00 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 1535.00 | 1535.00 | |
| 286135 | Venter & Associates Building Code Violati | | | | | | | | |
| 13218  Jan 12/2009 | | 5 | 267.31 | | | | 267.31 | 267.31 | 0.00 |
| 13717  Mar 15/2009 | | 5 | 714.00 | | | | 714.00 | 714.00 | |
| 14188  Jun 10/2009 | | 5 | 442.50 | | | 442.50 | | 442.50 | |
| **Matter Total** | | | | 0.00 | 0.00 | 442.50 | 981.31 | 1423.81 | |
| 286137 | KMG GREENWICH LLC | | | | | | | | |
| 11677  Jul 18/2008 | | 28 | 70.00 | | | | 70.00 | 70.00 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 70.00 | 70.00 | |
| 286198 | Morgan Terrace II, LLC, 3rd Extension and | | | | | | | | |
| 11759  Jul 21/2008 | | 28 | 2500.00 | | | | 2500.00 | 2500.00 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 2500.00 | 2500.00 | |
| 286182 | 102 Long Meadow, LLC, Loan Increase and E | | | | | | | | |
| 10417  Feb  7/2008 | | 4 | 1500.00 | | | | 1500.00 | 1500.00 | 0.00 |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 1500.00 | 1500.00 | |
| 286185 | Consumer Loan Review - New York and New J | | | | | | | | |
| 11394  Jun  5/2008  Jun  5/2008  506.25 | | 28 | 1740.00 | | | | 1233.75 | 1233.75 | 0.00 |

Aug 14/2009

Regas, Frezados & Dallas LLP
Receivables by Client
To Aug 14/2009

| Client No & Name Bus #: | Home #: | Intro | | |------------------------- Outstanding -------------------| | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Matter No. Inv # AR Date | Last Receipt Date Amount | Col. Lwr | Billed | <= 30 | <= 60 | <= 90 | > 90 | Total | Trust Bal |
| 286184 | | Consumer Loan Review-Texas | | | | | | | |
| 13217 Jan 12/2009 | | 5 | 349.56 | | | | 349.56 | 349.56 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 349.56 | 349.56 | 0.00 |
| 286271 | | Tony Wahbeh Loan Extension | | | | | | | |
| 11666 Jul 18/2008 | | 28 | 1500.00 | | | | 1500.00 | 1500.00 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 1500.00 | 1500.00 | 0.00 |
| 286244 | | Guess Holdings House Damage Insurance Cla | | | | | | | |
| 13216 Jan 12/2009 | | 5 | 535.50 | | | | 535.50 | 535.50 | |
| 13489 Feb 11/2009 | | 5 | 602.44 | | | | 602.44 | 602.44 | |
| 13718 Mar 15/2009 | | 5 | 178.50 | | | | 178.50 | 178.50 | |
| 13863 Apr 14/2009 | | 5 | 637.50 | | | | 637.50 | 637.50 | |
| 14041 May 19/2009 | | 5 | 1482.70 | | | 1482.70 | | 1482.70 | |
| **Matter Total** | | | | 0.00 | 0.00 | 1482.70 | 1953.94 | 3436.64 | 0.00 |
| 286281 | | Sultan Petroleum of Illinois, Inc., Loan | | | | | | | |
| 11158 May 8/2008 | | 4 | 1000.00 | | | | 1000.00 | 1000.00 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 1000.00 | 1000.00 | 0.00 |
| 286288 | | Amrit and Maniben Patel, Loan Extension | | | | | | | |
| 10695 Mar 20/2008 | | 28 | 500.00 | | | | 500.00 | 500.00 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 500.00 | 500.00 | 0.00 |
| 286207 | | Parvati Corp. Foreclosure | | | | | | | |
| 13215 Jan 12/2009 | | 5 | 802.59 | | | | 802.59 | 802.59 | |
| 13486 Feb 11/2009 | | 5 | 617.31 | | | | 617.31 | 617.31 | |
| 13709 Mar 15/2009 | | 5 | 3579.63 | | | | 3579.63 | 3579.63 | |
| 13862 Apr 14/2009 | | 5 | 178.50 | | | | 178.50 | 178.50 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 5178.03 | 5178.03 | 0.00 |
| 286320 | | Lewis Building Violation | | | | | | | |
| 13214 Jan 12/2009 | | 5 | 446.25 | | | | 446.25 | 446.25 | |
| 13485 Feb 11/2009 | | 5 | 906.50 | | | | 906.50 | 906.50 | |
| 13708 Mar 15/2009 | | 5 | 1778.19 | | | | 1778.19 | 1778.19 | |
| 13864 Apr 14/2009 | | 5 | 943.50 | | | | 943.50 | 943.50 | |
| 14043 May 19/2009 | | 5 | 1466.00 | | | 1466.00 | | 1466.00 | |
| **Matter Total** | | | | 0.00 | 0.00 | 1466.00 | 4074.44 | 5540.44 | 0.00 |
| 286300 | | Annual Audit Letters | | | | | | | |
| 13213 Jan 12/2009 | | 5 | 296.84 | | | | 296.84 | 296.84 | |
| 13484 Feb 11/2009 | | 5 | 877.63 | | | | 877.63 | 877.63 | |
| 13710 Mar 15/2009 | | 5 | 77.44 | | | | 77.44 | 77.44 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 1251.91 | 1251.91 | 0.00 |
| 286377 | | Territorial Corp etal Iolan | | | | | | | |
| 13538 Feb 11/2009 | | 28 | 152.00 | | | | 152.00 | 152.00 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 152.00 | 152.00 | 0.00 |
| 286393 | | Mutual Bank/Loomis, Inc. Loan Increase | | | | | | | |
| 11085 Apr 29/2008 | | 4 | 650.00 | | | | 650.00 | 650.00 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 650.00 | 650.00 | 0.00 |
| 28-6395 | | Wieslaw Chilicki Loan Amendment | | | | | | | |
| 11089 Apr 30/2008 | | 4 | 275.00 | | | | 275.00 | 275.00 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 275.00 | 275.00 | 0.00 |
| 286403 | | Parks Properties, LLC and Barbecue Blast, | | | | | | | |
| 11094 May 1/2008 | | 4 | 250.00 | | | | 250.00 | 250.00 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 250.00 | 250.00 | 0.00 |
| 286408 | | Associated Contractors Group, Inc., 4th L | | | | | | | |
| 11095 May 5/2008 | | 4 | 250.00 | | | | 250.00 | 250.00 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 250.00 | 250.00 | 0.00 |
| 254403 | | Mutual Regents Park Lot 36 LLC - General | | | | | | | |
| 11814 Jul 22/2009 | | 28 | 100.00 | | | | 100.00 | 100.00 | |
| 14348 Jul 16/2009 | | 28 | 100.00 | 100.00 | | | | 100.00 | |
| **Matter Total** | | | | 100.00 | 0.00 | 0.00 | 100.00 | 100.00 | 0.00 |
| 286375 | | Conner Sex Harassment Charge | | | | | | | |
| 13212 Jan 12/2009 | | 5 | 5756.63 | | | | 5756.63 | 5756.63 | |
| 13481 Feb 11/2009 | | 5 | 3136.22 | | | | 3136.22 | 3136.22 | |
| 13711 Mar 15/2009 | | 5 | 586.03 | | | | 586.03 | 586.03 | |
| 13868 Apr 14/2009 | | 5 | 354.00 | | | | 354.00 | 354.00 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 9832.88 | 9832.88 | 0.00 |
| 286427 | | Entourage Restaurant Group LLC - General | | | | | | | |
| 13211 Jan 12/2009 | | 5 | 1887.40 | | | | 1887.40 | 1887.40 | |
| 13480 Feb 11/2009 | | 5 | 1117.38 | | | | 1117.38 | 1117.38 | |
| 13712 Mar 15/2009 | | 5 | 180.69 | | | | 180.69 | 180.69 | |
| 13867 Apr 14/2009 | | 5 | 88.50 | | | | 88.50 | 88.50 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 3273.97 | 3273.97 | 0.00 |
| 286390 | | Kings Point Plaza Fifth Loan Modification | | | | | | | |
| 11671 Jul 18/2009 | | 28 | 350.00 | | | | 350.00 | 350.00 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 350.00 | 350.00 | 0.00 |
| 286453 | | Drobny, Irving M., Loan Extension, #28-64 | | | | | | | |
| 11300 May 23/2008 | | 4 | 250.00 | | | | 250.00 | 250.00 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 250.00 | 250.00 | 0.00 |
| 286454 | | Midwest Steel Blanking Loan Extension, #2 | | | | | | | |
| 11325 Jan 14/2009 | | 4 | 350.00 | | | | 350.00 | 350.00 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 350.00 | 350.00 | 0.00 |
| 286422 | | TamBiz Lender Liability Claim | | | | | | | |
| 13210 Jan 12/2009 | | 5 | 1842.97 | | | | 1842.97 | 1842.97 | |
| 13479 Feb 11/2009 | | 5 | 3173.19 | | | | 3173.19 | 3173.19 | |
| 13713 Mar 15/2009 | | 5 | 8407.00 | | | | 8407.00 | 8407.00 | |
| 13866 Apr 14/2009 | | 5 | 2746.25 | | | | 2746.25 | 2746.25 | |
| 14044 May 19/2009 | | 5 | 118.00 | | | 118.00 | | 118.00 | |
| **Matter Total** | | | | 0.00 | 0.00 | 118.00 | 16169.41 | 16287.41 | 0.00 |
| 286462 | | Illinois Automobile Liquidators, Inc., Lo | | | | | | | |
| 11353 May 30/2008 | | 4 | 175.00 | | | | 175.00 | 175.00 | |
| **Matter Total** | | | | 0.00 | 0.00 | 0.00 | 175.00 | 175.00 | 0.00 |
| 286474 | | Wells Street Apartments, LLC Mechanic's L | | | | | | | |
| 11350 Jul 30/2008 | | 5 | 2510.00 | | | | | | |

Aug 14/2009

Regas, Frecados & Dallas LLP
Receivables by Client
To  Aug 14/2009

| Client No & Name<br>Bus #:<br>Matter No.<br>Inv #  AR Date | Home #:<br>Last Receipt<br>Date  Amount | Col. Lwr | Billed | Intro |---------------------------- Outstanding ----------------------| |  |  |  |  | Trust Bal |
|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  | <= 30 | <= 60 | <= 90 | > 90 | Total |  |
| 13478  Feb 11/2009 |  | 5 | 133.88 |  |  |  | 133.88 | 133.88 |  |
| **Matter Total**  286475 |  |  |  | 0.00 | 0.00 | 0.00 | 2692.88 | 2692.88 |  |
|  | Urban Retail Properties Co., Loan Increase |  |  |  |  |  |  |  |  |
| 13556  Feb 11/2009 |  | 4 | 106.00 |  |  |  | 106.00 | 106.00 | 0.00 |
| **Matter Total**  286480 |  |  |  | 0.00 | 0.00 | 0.00 | 106.00 | 106.00 |  |
|  | Laxmi Mngmnt LLC Loan |  |  |  |  |  |  |  |  |
| 13918  Apr 16/2009 |  | 28 | 70.00 |  |  |  | 70.00 | 70.00 | 0.00 |
| **Matter Total**  286252 |  |  |  | 0.00 | 0.00 | 0.00 | 70.00 | 70.00 |  |
|  | Steve and Patricia Wilson Mortgage Forecl- |  |  |  |  |  |  |  |  |
| 13209  Jan 12/2009 |  | 5 | 336.46 |  |  |  | 336.46 | 336.46 | 0.00 |
| 13861  Apr 14/2009 |  | 5 | 76.50 |  |  |  | 76.50 | 76.50 |  |
| 14045  May 19/2009 |  | 5 | 382.50 |  |  | 382.50 |  | 382.50 |  |
| 14183  Jul 10/2009 |  | 5 | 56.50 |  |  | 56.50 |  | 56.50 |  |
| **Matter Total**  286317 |  |  |  | 0.00 | 0.00 | 439.00 | 412.96 | 851.96 |  |
|  | Nesheiwat Foreclosure Rock Falls Property |  |  |  |  |  |  |  |  |
| 13208  Jan 12/2009 | Jan 12/2009  1348.14 | 5 | 2424.91 |  |  |  | 1076.77 | 1076.77 | 0.00 |
| 13476  Feb 11/2009 |  | 5 | 468.56 |  |  |  | 468.56 | 468.56 |  |
| 13714  Mar 15/2009 |  | 5 | 2119.69 |  |  |  | 2119.69 | 2119.69 |  |
| 13860  Apr 14/2009 |  | 5 | 102.00 |  |  |  | 102.00 | 102.00 |  |
| 14046  May 19/2009 |  | 5 | 321.00 |  |  | 321.00 |  | 321.00 |  |
| 14182  Jun 10/2009 |  | 5 | 331.50 |  |  | 331.50 |  | 331.50 |  |
| **Matter Total**  286501 |  |  |  | 0.00 | 0.00 | 652.50 | 3767.02 | 4419.52 |  |
|  | Taneja Center Bankruptcy |  |  |  |  |  |  |  |  |
| 13207  Jan 12/2009 |  | 5 | 1100.31 |  |  |  | 1100.31 | 1100.31 | 0.00 |
| 13475  Feb 11/2009 |  | 5 | 2275.88 |  |  |  | 2275.88 | 2275.88 |  |
| 13715  Mar 15/2009 |  | 5 | 245.44 |  |  |  | 245.44 | 245.44 |  |
| 13859  Apr 14/2009 |  | 5 | 459.00 |  |  |  | 459.00 | 459.00 |  |
| 14331  Jul 16/2009 |  | 5 | 306.00 | 306.00 |  |  |  | 306.00 |  |
| **Matter Total**  286527 |  |  |  | 306.00 | 0.00 | 0.00 | 4080.63 | 4386.63 |  |
|  | Mitchell Notes/Sale to Diamond Ross |  |  |  |  |  |  |  |  |
| 13716  Mar 15/2009 |  | 5 | 77.44 |  |  |  | 77.44 | 77.44 | 0.00 |
| **Matter Total**  286558 |  |  |  | 0.00 | 0.00 | 0.00 | 77.44 | 77.44 |  |
|  | Defamation Claim |  |  |  |  |  |  |  |  |
| 13249  Jan 12/2009 |  | 25 | 1791.28 |  |  |  | 1791.28 | 1791.28 | 0.00 |
| 13354  Feb 10/2009 |  | 25 | 446.25 |  |  |  | 446.25 | 446.25 |  |
| 13582  Mar 15/2009 |  | 25 | 714.00 |  |  |  | 714.00 | 714.00 |  |
| 13893  Apr 14/2009 |  | 25 | 382.50 |  |  |  | 382.50 | 382.50 |  |
| **Matter Total**  286559 |  |  |  | 0.00 | 0.00 | 0.00 | 3334.03 | 3334.03 |  |
|  | Stavropoulos Citation |  |  |  |  |  |  |  |  |
| 13206  Jan 12/2009 |  | 5 | 111.56 |  |  |  | 111.56 | 111.56 | 0.00 |
| **Matter Total**  286561 |  |  |  | 0.00 | 0.00 | 0.00 | 111.56 | 111.56 |  |
|  | First National Bank of Grant Park/Drobny |  |  |  |  |  |  |  |  |
| 13205  Jan 12/2009 |  | 5 | 78.75 |  |  |  | 78.75 | 78.75 | 0.00 |
| 13477  Feb 11/2009 |  | 5 | 1294.13 |  |  |  | 1294.13 | 1294.13 |  |
| 13705  Mar 15/2009 |  | 5 | 2459.94 |  |  |  | 2459.94 | 2459.94 |  |
| 13869  Apr 14/2009 |  | 5 | 331.50 |  |  |  | 331.50 | 331.50 |  |
| 14047  May 19/2009 |  | 5 | 51.00 |  |  | 51.00 |  | 51.00 |  |
| **Matter Total**  286564 |  |  |  | 0.00 | 0.00 | 51.00 | 4164.32 | 4215.32 |  |
|  | Trademark Infringement |  |  |  |  |  |  |  |  |
| 14048  May 19/2009 |  | 5 | 204.00 |  |  | 204.00 |  | 204.00 | 0.00 |
| **Matter Total**  286613 |  |  |  | 0.00 | 0.00 | 204.00 | 0.00 | 204.00 |  |
|  | KD2 Inc. 4th Loan Extension |  |  |  |  |  |  |  |  |
| 12120  Aug 15/2008 |  | 28 | 1500.00 |  |  |  | 1500.00 | 1500.00 |  |
| **Matter Total**  286629 |  |  |  | 0.00 | 0.00 | 0.00 | 1500.00 | 1500.00 |  |
|  | Harjit Singh Sahi, Loan Extension |  |  |  |  |  |  |  |  |
| 12132  Aug 19/2008 |  | 28 | 350.00 |  |  |  | 350.00 | 350.00 |  |
| **Matter Total**  286632 |  |  |  | 0.00 | 0.00 | 0.00 | 350.00 | 350.00 |  |
|  | Gandhi/2348 Devon LLC, Loan Extension |  |  |  |  |  |  |  |  |
| 12134  Aug 20/2008 |  | 28 | 500.00 |  |  |  | 500.00 | 500.00 |  |
| **Matter Total**  286631 |  |  |  | 0.00 | 0.00 | 0.00 | 500.00 | 500.00 |  |
|  | Tejany Hospitality Mechanic's Lien Claim |  |  |  |  |  |  |  |  |
| 13204  Jan 12/2009 |  | 5 | 1744.25 |  |  |  | 1744.25 | 1744.25 | 0.00 |
| 13482  Feb 11/2009 |  | 5 | 111.56 |  |  |  | 111.56 | 111.56 |  |
| **Matter Total**  286645 |  |  |  | 0.00 | 0.00 | 0.00 | 1855.81 | 1855.81 |  |
|  | Venter Foreclosure |  |  |  |  |  |  |  |  |
| 13203  Jan 12/2009 |  | 5 | 2460.72 |  |  |  | 2460.72 | 2460.72 | 0.00 |
| 14184  Jun 10/2009 |  | 5 | 255.00 |  |  | 255.00 |  | 255.00 |  |
| **Matter Total**  286636 |  |  |  | 0.00 | 0.00 | 255.00 | 2460.72 | 2715.72 |  |
|  | Carpet Mill Outlet/Fire Control Mechanic' |  |  |  |  |  |  |  |  |
| 13202  Jan 12/2009 |  | 5 | 61.69 |  |  |  | 61.69 | 61.69 | 0.00 |
| 13483  Feb 11/2009 |  | 5 | 669.38 |  |  |  | 669.38 | 669.38 |  |
| 13792  Mar 15/2009 |  | 5 | 904.09 |  |  |  | 904.09 | 904.09 |  |
| 13865  Apr 14/2009 |  | 5 | 586.50 |  |  |  | 586.50 | 586.50 |  |
| 14185  Jun 10/2009 |  | 5 | 765.00 |  |  | 765.00 |  | 765.00 |  |
| **Matter Total**  275887 |  |  |  | 0.00 | 0.00 | 765.00 | 2221.66 | 2986.66 |  |
|  | Associated Contractors Foreclosure |  |  |  |  |  |  |  |  |
| 13221  Jan 12/2009 |  | 5 | 315.44 |  |  |  | 315.44 | 315.44 | 0.00 |
| 13491  Feb 11/2009 |  | 5 | 134.25 |  |  |  | 134.25 | 134.25 |  |
| 13706  Mar 15/2009 |  | 5 | 1383.38 |  |  |  | 1383.38 | 1383.38 |  |
| 13873  Apr 14/2009 |  | 5 | 484.50 |  |  |  | 484.50 | 484.50 |  |
| **Matter Total**  275882 |  |  |  | 0.00 | 0.00 | 0.00 | 2317.57 | 2317.57 |  |
|  | City Ordinance Violation-Sultan Ohio LLC |  |  |  |  |  |  |  |  |
| 13222  Jan 12/2009 |  | 5 | 111.56 |  |  |  | 111.56 | 111.56 | 0.00 |
| 13490  Feb 11/2009 |  | 5 | 22.31 |  |  |  | 22.31 | 22.31 |  |
| 13707  Mar 15/2009 |  | 5 | 267.75 |  |  |  | 267.75 | 267.75 |  |
| 14042  May 19/2009 |  | 5 | 739.50 |  |  | 739.50 |  | 739.50 |  |
| **Matter Total**  275862 |  |  |  | 0.00 | 0.00 | 739.50 | 401.62 | 1141.12 |  |
|  | Pioneer Gas & Mini Mart Foreclosure |  |  |  |  |  |  |  |  |

Aug 14/2009

Page: 11

Regas, Frezados & Dallas LLP
Receivables by Client
To Aug 14/2009          :

| Client No. & Name Bus #: | Home #: | | Intro | |---------------------- Outstanding ----------------------| | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Matter No. Inv # AR Date | Last Receipt Date | Amount | Col. Lwr | Billed | <= 30 | <= 60 | <= 90 | > 90 | Total | Trust Bal |

| Matter Total | | | | | 0.00 | 0.00 | 0.00 | 39.38 | 39.38 | |
| 275868 | Defense of environmental violations at 30 | | | | | | | | | |
| 13872 Apr 14/2009 | | | 5 | 51.00 | | | | 51.00 | 51.00 | |
| 14186 Jun 10/2009 | | | 5 | 51.00 | | | 51.00 | | 51.00 | 0.00 |
| Matter Total | | | | | 0.00 | 0.00 | 0.00 | 51.00 | 102.00 | |
| 275855 | Shalimar Holdings LLC Loan | | | | | | | | | |
| 11675 Jul 18/2008 | | | 28 | 70.00 | | | | 70.00 | 70.00 | |
| Matter Total | | | | | 0.00 | 0.00 | 0.00 | 70.00 | 70.00 | 0.00 |
| 275851 | Risingsam Staten Island LLC Loan | | | | | | | | | |
| 14079 May 19/2009 | | | 28 | 9.94 | | | 9.94 | | 9.94 | |
| Matter Total | | | | | 0.00 | 0.00 | 9.94 | 0.00 | 9.94 | 0.00 |
| 275817 | Wells Street Apartments 3rd Loan Amendmen | | | | | | | | | |
| 9095 Aug  6/2007 | | | 28 | 1000.00 | | | | 1000.00 | 1000.00 | |
| Matter Total | | | | | 0.00 | 0.00 | 0.00 | 1000.00 | 1000.00 | 0.00 |
| 275816 | Evergreen Square Apartments 3rd Amendment | | | | | | | | | |
| 9094 Aug  6/2007 | | | 28 | 1000.00 | | | | 1000.00 | 1000.00 | |
| Matter Total | | | | | 0.00 | 0.00 | 0.00 | 1000.00 | 1000.00 | 0.00 |
| 275811 | Guess Holdings Foreclosure | | | | | | | | | |
| 13220 Jan 12/2009 | | | 5 | 39.37 | | | | 39.37 | 39.37 | |
| 13704 Mar 15/2009 | | | 5 | 1687.00 | | | | 1687.00 | 1687.00 | |
| 13871 Apr 14/2009 | | | 5 | 32.62 | | | | 32.62 | 32.62 | 0.00 |
| Matter Total | | | | | 0.00 | 0.00 | 0.00 | 1758.99 | 1758.99 | |
| 275793 | Barista International Foreclosure | | | | | | | | | |
| 13219 Jan 12/2009 | | | 5 | 452.38 | | | | 452.38 | 452.38 | |
| 13487 Feb 11/2009 | | | 5 | 66.94 | | | | 66.94 | 66.94 | 0.00 |
| 13703 Mar 15/2009 | | | 5 | 133.88 | | | | 133.88 | 133.88 | |
| 14187 Jun 10/2009 | | | 5 | 561.00 | | | 561.00 | | 561.00 | |
| Matter Total | | | | | 0.00 | 0.00 | 561.00 | 653.20 | 1214.20 | |
| 275788 | Chou (four seperate ) 3rd Loan Modificati | | | | | | | | | |
| 9084 Jul 30/2007 | Sep 20/2007 | 4000.00 | 28 | 6000.00 | | | | 2000.00 | 2000.00 | |
| Matter Total | | | | | 0.00 | 0.00 | 0.00 | 2000.00 | 2000.00 | 0.00 |
| 275760 | Sultan Petroleum of Illinois, Inc. 3rd Mo- | | | | | | | | | |
| 8875 Jul 10/2007 | | | 4 | 1000.00 | | | | 1000.00 | 1000.00 | |
| Matter Total | | | | | 0.00 | 0.00 | 0.00 | 1000.00 | 1000.00 | 0.00 |
| 275757 | Bloomington Hospitality Foreclosure | | | | | | | | | |
| 13870 Apr 14/2009 | | | 5 | 88.50 | | | | 88.50 | 88.50 | |
| Matter Total | | | | | 0.00 | 0.00 | 0.00 | 88.50 | 88.50 | 0.00 |
| 275756 | Somerfield Estates, LLC, Loan Increase | | | | | | | | | |
| 8872 Jul  9/2007 | Aug 20/2007 | 750.00 | 4 | 1500.00 | | | | 750.00 | 750.00 | |
| Matter Total | | | | | 0.00 | 0.00 | 0.00 | 750.00 | 750.00 | 0.00 |
| 275747 | Michael Musa and Capital Funding Enterpri | | | | | | | | | |
| 8876 Jul 12/2007 | Aug 20/2007 | 500.00 | 28 | 1000.00 | | | | 500.00 | 500.00 | |
| Matter Total | | | | | 0.00 | 0.00 | 0.00 | 500.00 | 500.00 | 0.00 |
| 275648 | Vintage By Design Builders, Inc. (465 Bry | | | | | | | | | |
| 8622 May 14/2007 | | | 4 | 150.00 | | | | 150.00 | 150.00 | |
| Matter Total | | | | | 0.00 | 0.00 | 0.00 | 150.00 | 150.00 | 0.00 |
| Client Total | | | | | 5544.06 | 0.00 | 36871.79 | 789843.77 | 832259.62 | |
| Total: | | | | | 5544.06 | 0.00 | 36871.79 | 789843.77 | 832259.62 | |

---

*** Summary by Collecting Lawyer ***

| | <= 30 | <= 60 | <= 90 | > 90 | Total |
|---|---|---|---|---|---|
| 1 - James A. Regas | 100.00 | 0.00 | 0.00 | 6743.48 | 6843.48 |
| 2 - Peter G. Frezados | 0.00 | 0.00 | 1593.00 | 18045.89 | 19638.89 |
| 4 - Peter L. Regas | 0.00 | 0.00 | 2800.00 | 21761.59 | 24561.59 |
| 5 - William D. Dallas | 5139.06 | 0.00 | 31556.17 | 662380.09 | 699075.32 |
| 24 - Steven Dallas | 0.00 | 0.00 | 0.00 | 1198.44 | 1198.44 |
| 25 - Philip De Maertelaere | 0.00 | 0.00 | 0.00 | 3334.03 | 3334.03 |
| 28 - Martin S. Hall | 305.00 | 0.00 | 95.62 | 76380.25 | 76740.87 |
| 33 - Frank Kladis | 0.00 | 0.00 | 867.00 | 0.00 | 867.00 |
| **Total:** | 5544.06 | 0.00 | 36871.79 | 789843.77 | 832259.62 |
| Firm Total | 5544.06 | 0.00 | 36871.79 | 789843.77 | 832259.62 |

---

REPORT SELECTIONS - Receivables by Client

| | |
|---|---|
| Layout Template | Default |
| Advanced Search Filter | None |
| Requested by | WDD |
| Finished | Friday, August 14, 2009 at 12:04:35 PM |
| Ver | 9.02b |
| Matters | All |
| Clients | 1403 |
| Major Clients | All |
| Responsible Lawyer | All |
| Client Intro Lawyer | All |
| Matter Intro Lawyer | All |
| Assigned Lawyer | All |
| Type of Law | All |
| Select From | Active, Inactive, Archived Matters |
| Matters Sort by | Default |
| New Page for Each Lawyer | No |
| Collecting Lawyer | All |
| Show Balances As of End Date | Yes |
| Receipts Up To | 8/14/2009 |
| Age From | Aug 14/2009 |
| Aging Category-1 | 30 |

Aug 14/2009

Regas, Frezados & Dallas LLP
Receivables by Client
To Aug 14/2009

| Client No. & Name | | | | | Intro | \|--------------------- Outstanding ---------------------\| | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Bus #: | | Home #: | | | | | | | | | |
| Matter No. | | Last Receipt | | | | | | | | | |
| Inv # AR Date | | Date | Amount | Col. Lwr | Billed | <= 30 | <= 60 | <= 90 | > 90 | Total | Trust Bal |
| Aging Category-3 | | | | 90 | | | | | | | |
| Firm Totals Only | | | | No | | | | | | | |
| Matter Totals | | | | No | | | | | | | |
| Client Totals Only | | | | No | | | | | | | |
| A/R balance is greater than or equal to ($) | | | | 0.00 | | | | | | | |
| Invoice is outstanding for at least (days) | | | | 0 | | | | | | | |
| Show all invoices for included matters | | | | No | | | | | | | |
| Collecting Lawyer | | | | Yes | | | | | | | |
| Summarize by Resp. Lawyer | | | | No | | | | | | | |
| Summarize by Client Intr. Lawyer | | | | No | | | | | | | |
| Summarize by Matter Intr. Lawyer | | | | No | | | | | | | |

## William Dallas

**From:** William Dallas
**Sent:** Monday, May 03, 2010 3:59 PM
**To:** 'Pruss, Stephen'
**Cc:** 'James Dahl'
**Subject:** Regas, Frezados & Dallas LLP Claim for Fees

    Steve-I have reviewed the cases and statutory sections cited by you in support of your position. For the reasons stated in this communication, your position is not supported by the law you have cited and I must respectfully disagree with your assertions.

    You first claim that our lien is barred by 12 U.S.C. 1823 (e) because our agreement with the Bank does not meet the requirements of subsection (e). However, that section does not apply to our agreement to provide services to Mutual Bank.

    Initially, our lien is an involuntary charge upon the funds in our possession. We are not necessarily seeking to enforce an agreement with the Bank, but our lien rights under State law. Your claim that Federal law controls after the bank failure and the appointment of the FDIC as receiver is incorrect. The case you cited, *Trigo V FDIC*, expressly states that while Federal law controls the rights and liabilities of the FDIC in its corporate capacity, state law controls the FDIC when the agency is acting as receiver of a failed bank. See *Trigo*, 847 F 2d. at 1503. This situation is akin to other state created liens to which the FDIC is bound as receiver. The FDIC takes the assets of the failed institution subject to all encumbrances thereon. *RTC Commercial Assets Trust 1995-NP#-1 v. Phoenix Bond & Indemnity*, 169 F. 3d. 448, 458 (7th Cir. 1999.) In fact, the FDIC's own advisory opinions acknowledge that secured creditors have the right to enforce their security interests by liquidating the creditor's interest in pledged collateral. FDIC, FDIC-89-49, *Advisory opinions, Self-Help Liquidation of collateral by Secured Claimants in Insured Depository Institution Receiverships* (December 15, 1989).

    Section 1823 (e) does not bar our claim. The requirements of 12 U.S.C 1823 (e) do not apply to agreements related to non loan transactions. *Thigpen v. Sparks*, 983 F. 2d 644, 649 (5th Cir. 1993). The D'Oench, Duhme Doctrine applies in situations to bar a claimant from disputing the enforcement of a **written loan agreement** based upon an oral agreement that the claimant professes to have entered into with a bank official. *Maryland National Bank v. Resolution Trust Corp*, 895 F. Supp 762, 769 (D. Maryland 1995). See *E.J. Sebastian Associates v. RTC*, 43 F 3d 106, 109 (4th Cir. 1994), "We question the applicability of the D'Oench Doctrine and Sec 1823 (e) in the present context for two reasons. First, Sebastian's claim involves a **contract for services**, not the lending of money." In a case very similar to the instant case, RTC's attempt to defeat a mechanic's lien created by State law on the requirements of 1823 (e) failed because the court rejected the application of the doctrine to all contracts with the failed bank, as opposed to solely loan transactions. *Cabarrocas v. RTC*, 840 F. Supp. 888, 891-892 (S.D. Florida 1993). Accordingly, even assuming for argument's sake only that our contract for legal services with Mutual Bank did not meet the requirements of 1823 (e), it was not required to comply with those provisions.

    The claim that Section 1825 (b) (2), bars our lien is incorrect. That section purports to bar any involuntary lien against the property of the receiver. However, the law is clear that a lien that attaches pre-receivership is not barred by this section. *In re County of Orange*, 262 F. 3d 1014, 1020 (9th Cir. 2001). Our attorneys' lien attached long before July 31, 2009, the date FDIC was appointed as receiver.

    The specific cases that you cite on retaining liens are distinguishable. In the case of *FDIC v. Shain, Schaffer & Rafanello*, 944 F. 2d 129 (3rd Cir. 1991), the issue was whether **in lieu** of pursuing the claims procedure in FIRREA a law firm could claim a retaining lien on legal files of its former client. 944 F. 2d at 130. By the time of the appeals court decision, the law firm had already turned over the files and sought preferred administrative status for its claim for fees. 944 F. 2d at 130. The court did not hold as you claim that the retaining lien was unenforceable. The Court held that the law firm did have a valid retaining lien on the files. 944 F. 2d at 131. The FDIC argued that even despite the valid retaining lien, the law firm could not avoid the statutory claims procedure of FIRREA. Id. The court held that it did not have jurisdiction to award the preferred administrative status requested. Id at 132. The Court then found

**EXHIBIT**

I

that the law firm could not enforce its state law retaining lien against the FDIC "under these circumstances", citing the district court opinion in *RTC v. Elman*, 761 F. Supp. 245 (S.D N.Y.1991). What the Court concluded was that the FDIC would be seriously prejudiced by being denied access to the files. Id at 133. The Court in Shain indicated that the law firm could have pursued the remedies of a secured creditor as contained in 12 U.S.C. 1821 (d) "if the claimant alleges **either** (i) a legally valid and enforceable or perfected security interest in assets of the failed institution **or** (ii) that irreparable injury will occur if the routine claims procedure is followed." 944 F. 2d at 132. The court may have misstated the statutory section because it does not now allow a secured creditor to pursue an expedited procedure if either of the 2 prongs is met; the statute requires that both prongs be met before a secured creditor may proceed outside the routine claims process. But nevertheless, the court acknowledged that the law firm could have pursued that remedy as a secured creditor. Accordingly, the court's ruling in *Shain* did not hold that an attorneys' lien created by State law was unenforceable against **funds** held by a law firm. The attorneys' lien on **files** in Shain was not enforceable against the FDIC because the law firm had to exhaust the statutory claim procedure, and the FDIC would suffer extreme prejudice in not having immediate access to the files.  In contrast, 1) we have turned over all files in which we claimed a retaining lien recognizing the prejudice that FDIC would suffer, and, 2) we have pursued our secured claim with FDIC and have complied with statutory claims procedure of FIRREA.

The case of *RTC v. Elman*, 949 F. 2d 624 (2nd Cir 1991) is likewise distinguishable because it involved a hearing on a preliminary injunction and again dealt with the issue of a law firm's failure to comply with the turnover of legal files, not funds. Importantly, the court in Elman noted that the law firm held **funds** belonging to the failed bank and indicated that if the law firm was entitled to retain the funds, it would be paid in full. 949 F. 2d at 630. The District Court in *RTC v. Elman*, 761 F. Supp. 245 (S.D.N.Y.), which was affirmed by the circuit court of appeals, premised its decision on the fact that the claims process in FIRREA is exclusive and had not yet been completed. The Judge stated that he had no jurisdiction until completion of that statutory process to determine the law firm's claim, a necessary component for determining the lien claim. 761 F. Supp at 247. In the meantime, since the files were desperately needed by RTC, the court found that RTC was entitled to the preliminary injunction ordering the turnover of the files. There was no ruling that the law firm was not a secured creditor, or that its lien was invalid.  The District Judge in Elman did note that the issue of whether the **funds** held by the law firm had to be turned over **was not** before it and the court was not making any decision on whether the law firm had to turnover the funds. 761 F.Supp. at 248.

The decisions in both *Shain* and *Elman* were wholly predicated on the fact that the statutory claims procedure had not yet been completed so the court had no jurisdiction, and the fact that the legal files, as opposed to funds, had no intrinsic value and were absolutely needed by the FDIC or RTC. Because **funds** were not at issue, these cases do not support FDIC's position that we are required to turnover the funds which we are holding pursuant to our lien.

I would appreciate your comments on our position as well as your comments on my prior email supporting that we have a perfected lien claim under the Uniform Commercial Code. Finally, as I indicated, we were discussing settlement of our claims with Mutual Bank. If you might be interested in exploring settlement, please let me know. Thank you for your consideration.  Bill Dallas

*******************************************************

**William D. Dallas**
**Regas, Frezados & Dallas LLP**
**111 West Washington Street**
**Suite 1525**
**Chicago, IL 60602**
**wdd@rfd-law.com**
**Tel 312-236-4400**
**Fax 312-236-1129**
*******************************************************

This communication is confidential and is intended to be privileged pursuant to the attorney-client privilege and the work-product doctrine.  Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message.  If you have received the message in error, please advise the sender by reply email and delete the message.

FEDERAL TAX NOTICE:

5/3/2010

Treasury Regulations require us to inform you that any federal tax advice contained herein (including in any attachments and enclosures) is not intended or written to be used, and cannot be used by any person or entity, for the purpose of avoiding penalties that may be imposed by the Internal Revenue Service. In addition, we do not impose upon any person or entity to whom this is addressed any limitation on the disclosure of the tax treatment or tax structure of any transaction discussed herein (including in any attachments and enclosures).

## William Dallas

| | |
|---|---|
| **From:** | William Dallas [wdd@rfd-law.com] |
| **Sent:** | Wednesday, May 26, 2010 2:32 PM |
| **To:** | 'Pruss, Stephen' |
| **Cc:** | 'James Dahl' |
| **Subject:** | Regas, Frezados & Dallas and Mutual Bank |

**Attachments:** Accounting of Funds.pdf

Steve-Thanks for you telephone call today. Per your request, below is the email dated July 30, 2009 from Lou Dunham, then President of Mutual Bank, authorizing our deposit of the funds we held into our client funds accounts until further agreement of the parties or court order. This was confirmed by Tina Solis on behalf of the FDIC in an email dated December 18, 2009.

Relative to the issue of the perfection of our security interest in the funds, the Illinois Uniform Commercial Code provides in Section 810 ILCS 5/9-312 (a) that a secured party may perfect a security interest in instruments or money by taking possession of the collateral. We had possession of checks payable to Mutual Bank and Regas, Frezados and Dallas LLP, which were issued to us based on our notice of attorneys' lien. When these checks were deposited into our account, this perfection continued. Section 810 ILCS 5/9-312 (b) (1) provides that a security interest in a deposit account may be perfected only by control. Our client funds account is a deposit account under the Illinois Uniform Commercial Code. A "deposit account" is defined as a "demand, time, savings, passbook, ... or similar account maintained with a bank" in Section 810 ILCS 5/9-102 (a) (29). This section does not distinguish between escrow, trust or other accounts. The issue is control, not the titling of the account. Section 5/9-314 (a) of the Illinois Uniform Commercial Code provides that a security interest in a deposit account is perfected by control under Section 9-104 when the secured party obtains control and remains perfected by control for as long as the secured party retains control. Section 9-104 (a) (3) states that a secured party has control of a deposit account if the secured party is the bank's customer with respect to the deposit account. The account owner is our firm and our partners are the only persons entitled to direct the disposition of funds in this account. Even if Mutual Bank had some right to direct the disposition of funds, which it did not, 9-104 (b) provides that once a secured party has satisfied subsection (a), it has control even if the debtor retains the right to direct the disposition of funds.

I have also attached per your request, a current list of the funds held in our account, totaling $612,591.16.

I would appreciate your prompt review of this matter as our time deadline to file suit is June 30, 2010 and I do not want to wait much past June 9. Thank you for your consideration of this matter. Bill

*********************************************************

**William D. Dallas**
**Regas, Frezados & Dallas LLP**
**111 West Washington Street**
**Suite 1525**
**Chicago, IL 60602**
**wdd@rfd-law.com**
**Tel 312-236-4400**
**Fax 312-236-1129**
*********************************************************

This communication is confidential and is intended to be privileged pursuant to the attorney-client privilege and the work-product doctrine. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply email and delete the message.

FEDERAL TAX NOTICE:

**EXHIBIT**

**J**

5/26/2010