# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| REGAS, FREZADOS & DALLAS LLP, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 10 C 3420 ) |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Mutual Bank, and UNITED CENTRAL BANK, successor in interest to Mutual Bank, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Regas, Frezados & Dallas LLP (Regas) has sued the Federal Deposit Insurance Corporation (FDIC), in its capacity as receiver for Mutual Bank, and United Central Bank, successor in interest to Mutual Bank, to recover unpaid legal fees and expenses allegedly owed to Regas by Mutual Bank. Defendants have moved to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. For the reasons stated below, the Court denies the motion.

## Background

The Court takes the following facts from the allegations in Regas's complaint and the parties' submissions on the motion to dismiss. Regas is a law firm that previously served as outside general counsel to Mutual Bank. In early 2009, Regas represented Mutual Bank in connection with the sale of a hotel property. The hotel operator had

incurred liens against the property in the approximate amount of $600,000. At closing, Chicago Title Insurance Company (Chicago Title) required $620,989.50 to be held in escrow to clear title due to the outstanding liens. To enable the sale, Regas devised a legal strategy to secure waivers and releases of the outstanding liens. Through this strategy, Regas ultimately obtained the release by Chicago Title of $575,578.83 from the amount held in escrow.

Beginning in February 2009, Mutual Bank stopped paying Regas's legal fees and expenses. In March 2009, Regas began to assert Illinois statutory and common law attorney's liens on proceeds stemming from its representation of Mutual Bank.

Because Regas had served a notice of attorney's lien on Chicago Title, Chicago Title issued the checks totaling $575,578.83 from the escrow account to both Mutual Bank and Regas. Regas deposited the funds in its client trust account. Regas then "came into possession of further sums in connection with its representation of Mutual Bank totaling $37,012.33." Compl. ¶ 27. Together with the funds from the escrow account, Regas holds a total of $612,591.16. Pursuant to an agreement between Regas and Mutual Bank, the funds remain in Regas's client trust account subject to further agreement of the parties or court order.

On July 31, 2009, the Illinois Department of Financial and Professional Regulation closed Mutual Bank and appointed the FDIC as receiver. By that date, Mutual Bank owed Regas $832,259.62 in fees and expenses. On November 2, 2009, Regas filed a proof of claim for $832,259.62 with the FDIC. Regas also sought a determination that it was entitled to apply the $612,591.16 in its client trust account

2

towards the debt. The FDIC did not respond to the claim within 180 days, as it was required to do under 12 U.S.C. § 1821(d)(5)(A)(I).

On June 4, 2010, Regas filed suit in this Court. Regas seeks an order affirming its claim of $832,259.62 in its entirety, permitting Regas to retain the $612,591.16 in lien funds in partial satisfaction of its claim, and stating that Regas's interest in the lien funds is superior to that of United Central Bank.

On July 2, 2010, about four weeks after Regas filed this suit, the FDIC issued a ruling on Regas's proof of claim. It granted Regas a receiver's certificate for $831,134.37 and denied the remaining $1,125.25 of Regas's claim.

## Discussion

Defendants have moved to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### A. Subject matter jurisdiction

On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court accepts the factual allegations in the complaint as true and construes reasonable inferences in favor of the non-movant. *Rueth v. EPA*, 13 F.3d 227, 229 (7th Cir. 1993). The Court is not restricted to the jurisdictional contentions asserted in the complaint, however; it may use other submitted evidence to determine whether it has subject matter jurisdiction. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). The party asserting jurisdiction bears the burden of persuasion. *United Phosphorus Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

Regas contends that the Court has subject matter jurisdiction over the action pursuant to a provision of the Financial Institutions Recovery, Reform and Enforcement Act of 1989 (FIRREA), specifically, 12 U.S.C. § 1821. FIRREA sets forth procedures by which a creditor may file a proof of claim with the FDIC. *E.g.*, 12 U.S.C. §§ 1821(d)(3), 1821(d)(5). Once a creditor submits a claim, the agency has 180 days to rule on it. 12 U.S.C. § 1821(d)(5)(A)(I). If the agency disallows the claim or fails to rule within 180 days, the claimant is entitled to *de novo* examination of the claim by the federal courts. 12 U.S.C. § 1821(d)(6)(A). To obtain judicial review, "[the] creditor must take action on the claim *either* within 60 days of receiving any notice of disallowance, *or* within 60 days after expiration of the 180-day period for consideration of the claim." *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 192 (7th Cir. 1993) (emphasis in original). If the creditor adheres to these procedures, "FIRREA explicitly gives the federal courts jurisdiction" to hear the creditor's claim. *Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1165 (7th Cir. 1995).

Regas adhered to the procedures in FIRREA. It timely submitted its proof of claim with the FDIC on November 2, 2009. The FDIC did not render a determination on the claim within the 180-day statutory period, which ended on May 1, 2010. Regas then filed this action within 60 days, on June 4, 2010. The FDIC concedes that Regas exhausted its claim with the FDIC and timely sought judicial review. This Court therefore has jurisdiction over Regas's claim.

In support of their contrary argument, defendants cite 12 U.S.C. § 1821(j). That provision states:

> *Except as provided in this section*, no court may take any action, except at the request of the Board of Directors (of the FDIC) by regulation or order, to restrain or affect the exercise of powers or functions of the Corporation as a conservator or a receiver.

12 U.S.C. 1821(j) (emphasis added). As the Court explained earlier, Regas's lawsuit is expressly authorized by section 1821(d)(6)(A). *See Helm*, 43 F.3d at 1165. Section 1821(j) therefore does not deprive this Court of subject matter jurisdiction over Regas's claims.

The Court declines to address at this stage whether Regas is eligible for all of the relief it seeks, in particular, an order permitting Regas to retain the lien funds in partial satisfaction of its claim and finding that its interest in the lien funds is superior to that of United Central Bank. "On a motion to dismiss, . . . the relevant inquiry is 'not whether all of the relief asked for by the plaintiffs could be granted, but whether under any state of facts which might be established at a trial in support of the claim stated in the complaint, they could be accorded any relief.'" *Illinois v. Brighton Bldg. & Maint. Co.*, No. 77 C 4541, 1978 WL 1522 (N.D. Ill. Nov. 8, 1978) (quoting *Lada v. Wilkie*, 250 F.2d 211, 215 (8th Cir. 1957)).

The FDIC's post-lawsuit partial allowance of Regas's claim does not alter this Court's jurisdictional analysis. At that time the complaint was filed, the FDIC had functionally disallowed the claim by failing to act on it within the 180-day statutory period. Because Regas fully complied with the administrative review procedures set forth in FIRREA, this Court has subject matter jurisdiction over Regas's claim.

5

**B.     Sufficiency of complaint**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court accepts the facts stated in the complaint as true and draws reasonable inferences in favor of the plaintiff. *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The plaintiff is not required to make detailed factual allegations but must allege facts that "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). In addition, "a party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

Defendants argue that Regas has failed to state a claim because it has not alleged a perfected security interest in the lien funds under Article 9 of Illinois' version of the Uniform Commercial Code, enforceable statutory attorney's liens, or enforceable common law attorney's liens. Defendants also contend that Regas has alleged facts that defeat its claim under 18 U.S.C. § 1821(e)(12). The Court addresses each argument in turn.

**1.     Article 9**

Defendants first argue that Regas fails to allege a perfected security interest in the lien funds in accordance with the requirements of Article 9 of the Illinois version of the Uniform Commercial Code. As Regas counters, Article 9 does not govern any "lien, other than an agricultural lien, given by statute or other rule of law for services or materials," such as the attorney's liens at issue here. 810 ILCS 5/9-109(d)(2). The Court accordingly rejects this argument.

### 2. Statutory attorney's liens

Defendants next contend that Regas fails to allege enforceable statutory attorney's liens. The Illinois Attorney's Act grants attorneys:

> a lien upon all claims, demands and causes of action . . . which may be placed in their hands by their clients for suit or collection, or upon which suit or action has been instituted, for the amount of any fee which may have been agreed upon by and between such attorneys and their clients, or, in the absence of such agreement, for a reasonable fee, for the services of such suits, claims, demands or causes of action, plus costs and expenses.

770 ILCS 5/1(1). In *Robert S. Pinzer, Ltd. v. The Hartford*, 158 Ill. App. 3d 871, 511 N.E.2d 1281 (1987), an Illinois court held that the Act imposes two requirements:

> [F]irst of all, [] there must be money or property to be 'recovered,' or secured, from an adversarial party who has refused to turn over what the client claims is due. Second, . . . the recovery must be a result of action taken by the attorney.

*Id.* at 880-81, 511 N.E.2d at 1288. Additionally, to enforce the lien, the attorney must "serve notice in writing . . . upon the party against whom their clients may have such suits, claims or causes of action." 770 ILCS 5/1(2). "Attorneys who do not strictly comply with the Act have no lien rights." *In re Chicago H&S Hotel Prop, LLC*, 419 B.R. 797, 800-01 (N.D. Ill. 2009) (internal punctuation marks and citation omitted); *People v. Philip Morris, Inc.*, 198 Ill. 2d 87, 95, 759 N.E.2d 906, 912 (2001).

Defendants argue that Regas's allegations regarding the Chicago Title escrow funds do not comply with the two requirements in *Pinzer*. They contend that Chicago Title was not adverse to Mutual Bank, had not refused to turn over the funds, and did not ultimately relinquish the funds as a result of Regas's actions. The Court disagrees. In its complaint, Regas alleges that Chicago Title refused to turn over funds sought by Mutual Bank due to the existence of outstanding liens. Regas also alleges that it spent

7

several months asserting Mutual Bank's entitlement to the funds, and that, as a result of Regas's efforts, Chicago Title ultimately paid most of the requested amount to Mutual Bank. Taking the facts stated in the complaint as true and drawing reasonable inferences in favor of Regas, these allegations are sufficient to satisfy the requirements in *Pinzer*.

Defendants also contend that Regas fails to allege an enforceable statutory lien over the funds it later received on behalf of Mutual Bank. In its complaint, Regas alleges it "came into possession of further sums in connection with its representation of Mutual Bank totaling $37,012.33." Compl. ¶ 27. Defendants argue that Regas does not specifically allege a statutory attorney's lien over these funds or proper service of the statutory lien on any party. The Court again disagrees. The complaint alleges that "[i]n March of 2009, Regas began to assert Illinois Statutory Attorneys' liens . . . on causes of actions and proceeds upon which it was representing Mutual Bank." *Id.* ¶ 20. It also alleges that "[p]rior to the closing of Mutual Bank on July 31, 2009, . . . Plaintiff perfected a valid Illinois Statutory Attorneys' Lien . . . on the Lien Funds." *Id.* ¶ 32. Drawing reasonable inferences in favor of Regas, these allegations are sufficient to overcome defendants' challenge. A contrary decision would require the Court to draw inferences in favor of defendants, which is inappropriate on a motion to dismiss for failure to state a claim.

### 3. Common law attorney's liens

Illinois common law permits an attorney to "retain possession of property belonging to his client which comes into his hands . . . until his charges are paid." *Twin*

*Sewer & Water, Inc. v. Midwest Bank & Trust Co.*, 308 Ill. App. 3d 662, 667, 720 N.E.2d 636, 640 (1999) (internal punctuation marks and citation omitted). A common law retaining lien extends to all "papers, money, securities, and property" received from the client in the course of the attorney's employment. *Lucky-Goldstar Int'l (Am.), Inc. v. Int'l Mfg. Sales Co.*, 636 F. Supp. 1059, 1061 (N.D. Ill. 1986) (citing *Upgrade Corp. v. Michigan Carton Co.*, 87 Ill. App. 3d 662, 664-65, 410 N.E.2d 159, 161 (1980)). The lien is enforceable "until the fee dispute is settled or until the client posts adequate security for payment." *Anthony v. Bitler*, 911 F. Supp. 341, 342-43 (N.D. Ill. 1996); *see also Lucky-Goldstar Int'l (Am.), Inc.*, 636 F. Supp. at 1061.

Defendants argue that Regas has failed to allege valid common law attorney's liens for two reasons. First, they contend that Regas's claim with the FDIC constitutes adequate security. Defendants fail to cite any controlling legal authority, however, to support this argument. The sole case they cite on the point is *In re Union National Bank of Chicago*, No. 83 C 4696, 1986 WL 1837 (N.D. Ill. Jan. 29, 1986). There, a court found that a creditor's "claim with the FDIC constitutes adequate security for its lien." *Id.* at *2. On the creditor's motion for reconsideration, however, the court reversed itself. *See In re Union Nat'l Bank of Chicago*, No. 83 C 4696, 1986 WL 4440, at *1 (N.D. Ill. Apr. 7, 1986). The Court is unpersuaded that Regas's filing of a claim with the FDIC renders its common law attorney's liens unenforceable.

Defendants next argue that Regas's assertion of retaining liens fails under a "special purpose" exception. To the Court's knowledge, that exception has been recognized in only two published decisions in Illinois. First, in *Bour v. Thomas*, 170 Ill.

9

App. 456, 1912 WL 2326 (1912), an Illinois appellate court held that an attorney was not entitled to assert a retaining lien on funds received by the attorney in the capacity of "a trustee, or bailee for special purpose." *Id.* at *3. Second, in *Wenstrand v. Rathje*, 301 Ill. App. 605, 22 N.E.2d 865 (1939), a court held that an attorney was not entitled to assert a retaining lien on funds received in the capacity of a trustee to carry out a transaction for a then-deceased client. *Id.*

Defendants characterize Regas as a "trustee" with respect to the Chicago Title escrow funds on the ground that Mutual Bank permitted Regas to deposit the funds for the purpose of preventing the checks from becoming "stale dated." Regas's complaint alleges, however, that Central Title issued the checks to both recipients because Regas had asserted attorney's liens on the funds. Accepting the factual allegations in the complaint as true, the Court holds that Regas has stated a claim notwithstanding the special purpose exception.

### 4. Section 1821(e)(12)

In their reply brief, defendants assert for the first time that Regas "specifically plead it has taken its purported attorney's liens in contemplation of the institution's insolvency" in violation of 18 U.S.C. § 1821(e)(12). Def.'s Reply Mem. 6. That section provides:

> No provision of this subsection shall be construed as permitting the avoidance of any legally enforceable or perfected security interest in any of the assets of any depository institution except where such an interest is taken in contemplation of the institution's insolvency or with the intent to hinder, delay, or defraud the institution or the creditors of such institution.

12 U.S.C. § 1821(e)(12).

Defendants forfeited this argument for the purpose of the motion to dismiss by failing to raise it in the opening brief. *See Sere v. Bd. of Trustees of Univ. of Illinois*, 852 F.2d 285, 287-88 (7th Cir. 1988) (failure to raise an argument in the opening brief constitutes forfeiture of that argument). Defendants made several references to a "self help" principle in the opening brief without citation to section 1821(e)(12) or any other relevant legal authority. Regas therefore did not have a fair opportunity to respond to the argument.

**Conclusion**

For the reasons stated above, the Court denies defendants' motion to dismiss [docket no. 22]. Defendants are directed to answer the complaint by no later than February 22, 2011. The case is set for a status hearing on February 9, 2011 at 9:00 a.m. for the purpose of setting a pretrial schedule and discussing the possibility of settlement. Counsel are directed to confer to attempt to agree on a schedule to propose to the Court.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: January 28, 2011