IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REGAS, FREZADOS & DALLAS LLP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10 C 3420 |
| | ) |
| FEDERAL DEPOSIT INSURANCE | ) |
| CORPORATION, as receiver for | ) |
| Mutual Bank, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Regas, Frezados & Dallas LLP (Regas) has sued the Federal Deposit Insurance Corporation (FDIC), in its capacity as receiver for Mutual Bank, to recover unpaid legal fees and expenses that Mutual Bank allegedly owed to Regas. The Court previously denied the FDIC's motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. *Regas, Frezados & Dallas LLP v. FDIC*, No. 10 C 3420, 2011 WL 332545 (N.D. Ill. Jan. 28, 2011). Regas has moved for summary judgment. For the reasons stated below, the Court grants the motion in part and denies it in part.

### Discussion

On a motion for summary judgment, the Court draws "all reasonable inferences from undisputed facts in favor of the nonmoving party and [views] the disputed evidence in the light most favorable to the nonmoving party." *Harney v. Speedway*

*SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2009). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may grant summary judgment "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In this motion, Regas seeks a determination by the Court that it is owed $831,134.37 in attorneys' fees. Regas initially asserted that it was owed $832,259.62, but it elected not to contest the difference after the FDIC issued a receiver's certificate for $831,134.37. Regas argues that the FDIC's issuance of a receiver's certificate amounted to a conclusive determination of the amount Regas is owed and that the FDIC cannot now reverse itself by contesting the total. Regas also seeks a determination that liens it has asserted on $612,591.16 that it currently holds are valid and enforceable and that it may therefore retain those funds in partial satisfaction of its claim.

The Court assumes familiarity with its decision on the FDIC's motion to dismiss, which provided a summary of the allegations underlying Regas's claim. *See Regas*, 2011 WL 332545, at *1-2. The Court assumed the truth of those allegations for the purpose of deciding the motion to dismiss, but of course it does not do so on summary judgment.

A.  **Preclusive effect of the receiver's certificate**

The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA) sets out an administrative review process under which the FDIC, following its appointment as a receiver for a failed bank, reviews and determines claims against the bank. Under FIRREA, the FDIC "shall allow any claim . . . which is proved to the satisfaction of the receiver." 12 U.S.C. § 1821(d)(5)(B). Regas contends that the FDIC has already determined the value of Regas's claim and is therefore barred from challenging the amount of the claim in this case.

The Court concludes that the doctrine of judicial estoppel, which Regas invokes, does not apply. That doctrine "prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (citation omitted). The doctrine applies to prevent a litigant from successfully making a representation to one tribunal and then reversing itself in front of another tribunal. *See, e.g.*, *In re Airadigm Commc'ns, Inc.*, 616 F.3d 642, 662 (7th Cir. 2010); *Pakovich v. Broadspire Servs., Inc.*, 535 F.3d 601, 606 (7th Cir. 2008). The FDIC not a litigant before a tribunal when it decided Regas's claim. Rather, it was the decision maker.

The doctrine of judicial estoppel may be the wrong legal pigeonhole for Regas's contention. This does not mean, however, that the FDIC can escape its prior determination of the amount of Regas's claim.

Regas followed the steps FIRREA required when it submitted its claim. Regas asserts that the proof of claim that it submitted to the FDIC as receiver "included all of the invoices for legal fees and expenses owed by Mutual Bank to Plaintiff." Pl.'s LR

3

56.1 Stmt. ¶ 6 (citing *id.* Ex. 6, Dallas Aff. ¶6).  In response, the FDIC tries to sidestep the point, stating the following:

> FDIC/R admits that Plaintiff timely filed its Proof of Claim.  At the present time, without discovery, FDIC/R lacks knowledge or sufficient information upon which to form a belief as to whether the Proof of Claim included all supporting invoices for legal fees and expenses, and which portion of those claimed fees were actually owed to Plaintiff.  Moreover, FDIC/R has not been provided with the underlying supporting documentation demonstrating the scope of work, the case/matter files, invoicing for the entire course of representation.  To the extent that FDIC/R has received invoices at all, they fail to identify the attorney who performed the services listed.  E.g. Exhibit F to Plaintiff's 56.1 Statement.

Def.'s LR 56.1 Stmt. ¶ 6.  The FDIC's contention that it wants more information to defend the case does give rise to a *genuine* factual dispute regarding whether Regas submitted what it was required to submit to support its administrative claim.  In response to the claim, the FDIC stated in writing on July 2, 2010 that Regas "has made satisfactory proof" that it was a creditor in the amount of $831,134.37.  Pl.'s LR 56.1 Stmt., Ex. B. The FDIC further stated on that same date that the receiver's certificate that it issued in that amount "represents a formal record of [Regas's] claim as allowed." *Id.*, Ex. C.  And in cutting Regas's claim from $832,259.62 to $831,134.37 (also on July 2, 2010), the FDIC stated that it had made "a thorough review of [Regas's] filed claim along with [its] supporting documentation."  *Id.*, Ex. D.

These written determinations by the FDIC establish beyond peradventure that it had everything it required to assess and determine the amount of Regas's claim before deciding whether to allow the claim.  This is further underscored by the fact that the FDIC made its decision on the claim after Regas had commenced this litigation.  If the FDIC felt that it lacked sufficient information to complete its review and issue the

receiver's certificate, it should have requested more or disallowed the claim. It did neither.[1] In sum, the FDIC, as receiver, had a full and fair opportunity to assess Regas's claim before it determined the amount of the claim and issued the receiver's certificate.

The FDIC offers no explanation for what its determination of Regas's claim means if it does not constitute a binding (on the FDIC) determination regarding the amount Regas is owed. Its effort to revisit that issue via this lawsuit amounts to an attempt to appeal its own administrative determination. Neither the governing statute, section 1821, nor any case that the FDIC cites, provides any authority for the FDIC to act this way.

An agency "has only those authorities conferred upon it by Congress; if there is no statute conferring authority, a federal agency has none." *North Carolina v. EPA*, 531 F.3d 896, 922 (D.C. Cir. 2008) (internal quotations and citation omitted).[2] The FDIC's authority as receiver derives exclusively from the statutes and regulations that lay out its obligations. Those laws give the FDIC broad power to act as receiver and prevent a court from taking any action affecting its exercise of that power "unless it has acted or

---

[1] The FDIC says in its response that it sought an extension of the 180 day period that it has under section 1821(d) to review Regas's claim and that it heard nothing in response. The FDIC's own materials, however, establish that it made the request for an extension on June 2, 2010, one month *before* it chose to decide Regas's claim and issue the receiver's certificate. *See* Def.'s LR 56.1 Stmt., Ex. A (Aaronson affid.) ¶ 11. Thus it cannot now rely on its earlier request for an extension.

[2] Though the FDIC is not an administrative agency, "the FDIC as receiver is an 'agency'" for most purposes. *Helm v. Resolution Trust Corp.*, 18 F.3d 446, 448 (7th Cir. 1994).

5

proposed to act beyond, or contrary to, its statutorily prescribed, constitutionally permitted, powers or functions." *Freeman v. FDIC*, 56 F.3d 1394, 1398 (D.C. Cir. 1995) (internal quotations and citation omitted); *see* 18 U.S.C. § 1821(j). That, however, is precisely what the FDIC is attempting to do via its request to revisit the amount of Regas's claim. The statute says that the FDIC as "receiver *shall allow* any claim received . . . from any claimant which is proved to the satisfaction of the receiver." 12 U.S.C. § 1821(d)(5)(B) (emphasis added). If the FDIC disallows the claim or fails to rule on it, the claimant may seek an administrative hearing or file a lawsuit. *Id*. § 1821(d)(6). The statute does not, however, give the FDIC a second bite at the apple once it has decided a claim, and it nowhere states that the agency may challenge such a decision in court. The FDIC has cited no legal authority permitting it to question the amount of Regas's claim after deciding the claim in its capacity as receiver.

It is true that Regas seeks something more in this lawsuit than a determination of the value of its claim. The FDIC's decision approving Regas's claim does not entitle Regas to payment of the funds it currently holds. A receiver's certificate is considered payment in full for a general unsecured creditor of a failed bank. Such a creditor is not entitled to "jump the line, recovering more than [its] pro rata share of the liquidated assets, if the financial institution's debts exceeded its assets." *Battista v. FDIC*, 195 F.3d 1113, 1116 (9th Cir. 1999) (citations and quotation marks omitted). In this case, Regas contends that the liens it has asserted entitle it to keep the funds it currently holds to partially satisfy its claim. It did not make such a request in submitting its claim to the FDIC for review. The fact that Regas now seeks priority recovery, however, does

not undermine its ability to rely on the FDIC's administrative determination.  The issue of the enforceability of Regas's claimed liens is logically distinct from the issue of the dollar value of its claim.  The FDIC does not suggest that it would have come to any different conclusion regarding the amount of the claim had it known that Regas would claim priority.

For the reasons described above, the Court determines that the FDIC's issuance of a receiver's certificate precludes it from asserting that Regas is owed less than $831,134.37.  The Court grants Regas's motion to the extent that it seeks partial summary judgment on that question.

**B.    Enforceability of Regas's liens**

Regas asserts a statutory attorney's lien under the Illinois Attorney's Act, 770 ILCS 5/1(1), on $50,798.97 of the funds it currently holds.  A statutory lien, also called a charging lien, "attaches only to the proceeds that the client might recover in pursuit of a claim for which the attorney was engaged to represent the client." *Johnson v. Cherry*, 422 F.3d 540, 554 (7th Cir. 2005).  Illinois courts have held that the Act requires both "money or property to be 'recovered,' or secured, from an adversarial party who has refused to turn over what the client claims is due" and that "the recovery must be a result of action taken by the attorney." *Robert S. Pinzur, Ltd. v. The Hartford*, 158 Ill. App. 3d 871, 881-82, 511 N.E.2d 1281, 1288 (1987).

Regas argues that it has sufficiently demonstrated adversity by showing that "Mutual Bank had a claim to the proceeds of the Hotel foreclosure sale, which Chicago Title refused to tender to Mutual Bank due to the existence of outstanding liens."  Pl.'s

7

Mot. at 10.  The only evidence it provides for this claim is the affidavit of William Dallas, a partner in the Regas law firm, stating that "Chicago Title would not release the Escrow Funds to Mutual Bank while the liens were outstanding."  Dallas Aff. ¶ 12.

Via this statement, Dallas seeks to communicate something that he quite plainly learned from someone employed by or representing Chicago Title.  For this reason, Dallas's statement regarding Chicago Title's basis for its action or inaction is inadmissible hearsay.  Regas offers no argument that any hearsay exception applies.  Hearsay is inadmissible on a summary judgment motion "to the same extent that it is inadmissible in a trial."  *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997).  In the absence of admissible evidence on this point, Regas is not entitled to summary judgment regarding the validity of its statutory charging lien.

Regas also asserts that it has a valid and enforceable retaining lien on the remaining funds in its possession.  An attorney may assert a retaining lien on all property or funds "placed in the attorney's hands in his professional character, or in the course of his professional employment."  *Jovan v. Starr*, 87 Ill. App. 2d 350, 355, 231 N.E.2d 637, 639 (1967) (quoting *Sanders v. Seelye*, 128 Ill. 631, 637-38, 21 N.E. 601, 603 (1889)).  "The lien is defined as the attorney's right to retain possession of property belonging to the client which comes into his hands within the scope of his employment until his charges are paid."  *Needham v. Voliva*, 191 Ill. App. 256, 258 (1915) (citation omitted).  On the other hand, an attorney who receives funds as a trustee, escrowee, or depository, rather than in the role of attorney, may not assert an attorney's lien on such funds.  *Jovan*, 87 Ill. App. 2d at 355, 231 N.E.2d at 639.

8

In his affidavit, Dallas states that the majority of this money, like the funds on which Regas asserts the statutory charging lien, came to Regas in the form of checks that Chicago Title made out to both Regas and Mutual Bank. Chicago Title issued these checks after Regas had served it with notice of its charging lien. Regas told Mutual Bank that it was asserting a retaining lien on the funds and that it would like to deposit the checks in its client trust account in order to avoid having them become stale-dated. Regas contends that Mutual Bank agreed. Regas claims that it received the remaining funds on Mutual Bank's behalf in connection with its representation fo the banks in other matters.

The FDIC contends that Regas received the money from Chicago Title only as a trustee or escrowee and that it therefore cannot assert a retaining lien. Regas says that the Court already ruled against the FDIC on this issue. *See* Pl.'s Reply at 9. That is not so. The Court simply ruled that Regas had stated a claim. *See Regas*, 2011 WL 332545 at *5. The current procedural context is different; Regas seeks entry of judgment in its favor. Regas has failed to show the absence of a genuine issue of material fact regarding its contention that it accepted the funds in a capacity that entitles it to assert a retaining lien. For this reason, the Court denies Regas's request for summary judgment on the enforceability of its claimed liens.

## Conclusion

For the reasons stated above, the Court grants plaintiff's motion for summary judgment in part and denies it in part [docket no. 41]. At the status hearing on October

11, 2011, counsel should be prepared to set a schedule regarding the matters that remain for determination in this case.

s/ Matthew F. Kennelly
MATTHEW F. KENNELLY
United States District Judge

Date: October 10, 2011